462 So.2d 36 (1984)
Purvis Lee WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. AY-244.
District Court of Appeal of Florida, First District.
December 18, 1984.
Rehearing Denied January 21, 1985.
*37 Michael Allen, Public Defender, and Andrew Thomas, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Gregory C. Smith, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Williams was convicted of lewd, lascivious or indecent assault upon a child less than 14 years of age under Section 800.04, Florida Statutes (1983).
He claims that he was entitled to a mistrial when, on cross-examination by defense counsel, a state witness mentioned that the defendant had been in prison at some time during the preceding four years. We find no error inasmuch as the witness' testimony was responsive to a defense question. See Lawson v. State, 360 So.2d 786 (Fla. 2nd DCA 1978).
The defendant also complains about the trial judge's imposition of a sentence outside the sentence range called for by the guideline's scoring apparatus. The reasons given for departing from the guidelines, were that: (1) the offense was committed by a stepfather on his stepdaughter; and (2) the defendant threatened the victim's natural father who was a witness for the state.
With respect to the first reason, we have no difficulty in sustaining it as clear and convincing. A lewd and lascivious assault upon a ten-year-old child is bad enough. But for a child to be subjected to such by one in familial authority to whom the child should be able to rely upon for protection and sanctuary from such vile conduct constitutes, by any standard, a substantial aggravating circumstance.[1]
We turn now to the second reason for guidelines departure. According to the testimony of the victim's natural father, after the victim advised him of what the defendant had done to her, the father reported it to the authorities. A few days later, in a telephone conversation between the defendant and the victim's father concerning the offense, the defendant suggested that the father meet the defendant on Fifth Avenue and he would "blow away" the father, and that the defendant would come to the father's place of employment if the father did not meet him on the street. The father advised the police authorities and the security personnel at his place of employment of the defendant's threat. Apparently, no effort was made to carry out the threat. Although the defendant took the stand and testified, he was not asked about the above referred telephone conversation. However, he did state that he had never threatened the victim's natural father.
We are of the view that the defendant's threats made to the victim's father, as reflected by evidence duly received at trial, is a legitimate aggravating circumstance which may be taken into account in determining the defendant's sentence. Certainly, prior to the advent of sentencing guidelines, there would have been no question about such being a legitimate sentencing consideration. We do not believe that the guidelines preclude such factor being regarded *38 as a reason for guidelines departure.
We reject the notion that both of the reasons given are precluded by Rule 3.701(d)(11) which, at the time of the defendant's sentencing in March, 1984, provided:[2]
Reasons for deviating from the guidelines shall not include factors relating to either instant offense or prior arrests for which convictions have not been obtained.
Under a strict interpretation of this rule, one can certainly make a plausible argument that nothing that occurred during the criminal episode, including relevant and material events occurring subsequent to the actual offense, could be considered by the trial judge in departing from the guidelines unless conviction of a specific offense resulted. We recently rejected such a construction in Garcia v. State, 454 So.2d 714, 716 (Fla. 1st DCA 1984). We do so again.
AFFIRMED.
JOANOS and WIGGINTON, JJ., concur.
NOTES
[1] For purposes of the instant issue, we speak of "familial" authority in a broad enough context to include a stepfather-stepdaughter relationship, particularly where, as here, the child resides with the stepfather.
[2] This rule was amended in The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.899  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984). The effective date of the amendment was July 1, 1984. See Chapter 84-328, Laws of Florida. But our resolution of the instant case would be the same under the amended rule.