WIGGINTON, Judge.
Strickland was charged in four counts of an information with sexual battery with the use or threatened use of a deadly weapon or use of actual force likely to cause serious personal injury. He now appeals from sentences imposed on all four counts, following his conviction by a jury of sexual battery with the use of force not likely to cause serious personal injury. The trial court departed from the recommended sentence of nine to twelve years under the guidelines, imposing instead sentences totaling thirty-four years. On the sentencing guidelines scoresheet, the following written notation appeared as justification for the departure:
Evidence showed multiple rapes of two victims over a one hour period while threatening them with a large knife to their throats. Child of one victim and her (victim’s) mother were exposed to spectacle of victim running partially nude from house to flee attacker. Defendant threatened death to victims after attack.
Strickland argues that the trial court improperly considered the presence of the knife as a reason for departure since the jury acquitted him of that element of the crimes charged, citing to Fletcher v. State, 457 So.2d 570 (Fla. 5th DCA 1984), and Owen v. State, 441 So.2d 1111 (Fla. 3d DCA 1983). We need not reach that issue, though, since we hold that the remaining reasons are sufficient for departure. Brooks v. State, 456 So.2d 1305 (Fla. 1st DCA 1984). The reason predicated on the threat of death concerns the amount of force threatened. Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984). The reason relating to the fact of multiple rapes over a period of one hour is tied to the circumstances surrounding the offense. Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984). Finally, consideration given to the “spectacle” of the victim running from the house partially nude, witnessed by her child and mother, may be justified on the basis of psychological trauma or humiliation suffered by the victim as a result of the offense. Webster v. State, 461 So.2d 965 (Fla. 2d DCA 1984).
AFFIRMED.
SMITH and SHIVERS, JJ., concur.