478 So.2d 480 (1985)
Eugene Vincent ROSS, Appellant,
v.
STATE of Florida, Appellee.
No. BA-90.
District Court of Appeal of Florida, First District.
November 14, 1985.
Rehearing Denied January 28, 1986.
Michael E. Allen, Public Defender, David J. Busch, Sp. Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee.
MILLS, Judge.
Ross appeals from a conviction of kidnapping, attempted sexual battery, attempted first degree murder and attempted robbery. The victim was his twelve-year-old niece. He contends the trial court erred by refusing to grant his motion for mistrial made during the state's cross-examination of him. He also contends the trial court deviated from the sentencing guidelines for reasons that were not clear and convincing and based on factors relating to the instant offenses. We affirm.
The victim's testimony established that on 9 December 1983 she was alone in her family's home at 7:30 a.m. when her uncle came to the door and asked for a cup of coffee. After complying with his request, she went to her room and dressed for school. However, as she was about to leave, Ross pushed her back into her bedroom and displayed a knife.
He then began searching for money and items of value, asking the victim to pull clothes out of the drawers and to take the mattress off the bed, in order for it to appear someone else had broken into the house. When his search was unsuccessful, he told the victim to take her clothes off. Ross then proceeded to tie her, nude, to the bed. After taking off his own clothes so as to expose his genitals, Ross asked his niece whether she had ever had sex before.
*481 At this point, the victim terrified, began tearing herself loose from the bed. Despite her uncle's resistance, she was able to break free and run downstairs. Unfortunately, Ross caught her at the end of the stairs and began to stab her with the knife. He inflicted multiple wounds and eventually slashed both sides of her neck.
Prior to trial, Ross filed a motion in limine designed to prohibit the State from introducing evidence regarding a conversation between him and the victim's older sister, wherein Ross allegedly asked her if she had ever had sex before, where she could purchase prophylactics, and what time the children left the house for school. The trial judge ruled that references to the conversation during trial were to be reviewed on an ad hoc basis. Thereafter, while cross-examining Ross the prosecutor asked:
Q. All right. And isn't it also true, sir, that you intended to commit a sexual battery and you even asked Arnetha if she had ever had sex before?
A. No. sir.
An immediate defense objection stopped any further inquiry. Consequently, all the jury heard was a question and a negative answer which was never rebutted. A similar situation occurred in Straight v. State, 397 So.2d 903 (Fla. 1981), cert. den. 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418, in which the Court held that even a highly improper comment, by itself, is insufficient to require the granting of a mistrial. We, therefore, find Ross's argument on this issue to be without merit.
The reasons outlined by the trial court for justifying its departure from the sentencing guidelines are as follows:
(1) The victim was a twelve year old girl at the time of the offense and presumably not knowledgeable in sexual matters.
(2) The totality of the circumstances in this case are particularly heinous considering the extensive time period over which the events transpired. The terrorizing of the victim, the physical harm done to the victim, and the possible lifetime emotional impact on the victim are all contributing factors to this conclusion.
(3) The Defendant was the uncle of the victim and obtained entrance to her home through that relationship and the trust of a twelve year old girl.
(4) The physical injuries done to the victim by the vicious attacks by the Defendant were life threatening and it is reasonable certain that the victim could have died but for the fact that she somehow managed to rise up and escape.
(5) The victim suffers permanent physical disfigurement as a result of the Defendant's acts.
(6) The Defendant was previously convicted of the rape for his participation in the gang rape of a young female at gunpoint and while he was sentenced to life imprisonment, he was paroled after ten years. His admission of the extensive use of illegal drugs during this period illustrates his disregard of the law and proof of the lack of sufficiency of rehabilitation necessary to entitle him to parole.
We find, however, the fourth reason listed does not provide a basis for departure as the "life threatening" nature of the victim's injuries was an element of the statute under which Ross was convicted. In addition, the sixth reason given was arguably taken into account on Ross's sentencing scoresheet, and consequently, we are not able to consider it a valid justification for departure.
Having concluded that both valid and invalid reasons were relied upon by the trial judge for his departure from the sentencing guidelines of Rule 3.701, Florida Rules of Criminal Procedure, this issue is controlled by the recent Florida Supreme Court case, Albritton v. State, 476 So.2d 158 (Fla. 1985). In Albritton the court held "when a departure sentence is grounded on both valid and invalid reasons that the sentence should be reversed and the case remanded for resentencing unless the State is able to show beyond a reasonable doubt *482 that the absence of the invalid reasons would not have affected the departure sentence."
In the present case, the parties did not have the benefit of this opinion prior to filing their briefs. As a result, no argument was made by the State directly aimed at satisfying this standard of review. However, from this court's review of the record and the arguments made, we are persuaded beyond a reasonable doubt that the trial court would have sentenced Ross in the same manner, even without the benefit of the two invalid reasons relied upon.
No one can deny the outrageous nature of this crime or the psychological damage to the victim, from both the crime and the prospect of spending the rest of her life in a scarred and deformed body. Further, for a child to be subjected to such an act by one in a position of familial authority to whom the child should be able to rely upon for protection and sanctuary from such vile conduct constitutes, by any standard, a substantial aggravating factor. Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1984).
Accordingly, we affirm the departure sentence.
Affirmed.
SMITH and THOMPSON, JJ., concur.