489 So.2d 176 (1986)
Mark Douglass STEWART, Appellant,
v.
STATE of Florida, Appellee.
No. BD-399.
District Court of Appeal of Florida, First District.
May 29, 1986.
*177 Michael Allen, Public Defender, Kenneth L. Hosford, Sp. Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Norma J. Mungenast, Asst. Atty. Gen., Tallahassee, for appellee.
MILLS, Judge.
Stewart appeals a sentence imposed following his conviction on four counts of aggravated child abuse and one count of child abuse, contending the trial court deviated from the sentencing guidelines for reasons that are not clear and convincing. We disagree and affirm.
Stewart was charged by information with thirteen counts of aggravated child abuse, two counts of child abuse, and one count of lewd and lascivious act upon a child. Pursuant to order by the trial court, five counts were severed from the remaining charges and Stewart proceeded to trial on them alone. Following a trial by jury, Stewart was found guilty of all five crimes.
The trial court then announced its intention to depart from the sentencing guidelines, which recommended a sentence of seven to nine years, and sentenced Stewart to four consecutive fifteen-year sentences for each of the four counts of aggravated child abuse, and one five-year sentence for the count of child abuse, also to run consecutively. The trial judge provided the following reasons as the basis for this departure sentence:
Use of force  The defendant used violent force in totally breaking the bone in the boy's arm. In Counts IV, IX, X and XIII, the defendant used a more cold and calculated form of force in that he *178 clamped hemostats onto the child's tongue, he stuck pins under the child's fingers, he clamped pliers onto the child's penis, and he cut foreskin from the child's penis.
Vulnerability of the victim  The defendant was in a position of mental authority over the victim who was 8 years old. The child lived in the same residence with the defendant and was kept isolated from contact with the outside world. The child had no one who would intercede on his behalf and therefore was totally at the mercy of the defendant. Physical injuries sustained by the victim  Each injury in each count was of a nature that would result in extreme pain and agony to the victim. The defendant avoided having the broken arm set and treated by competent medical personnel. Psychological trauma of victim  The child lived in a virtual nightmare in that he was forced to submit to this abuse at any time the defendant so chose and there was no rational cause for this abuse which a child would understand. The abuser stood in the position of parental authority in that he was the victim's stepfather.
Vicious and malevolent intentions of the accused  The unbelievable terror and pain which this victim was subjected to in each count could not be described as anything less than vicious and malevolent.
Lack of remorse of defendant  This defendant has shown absolutely no concern, much less remorse, about any of the injuries to the victim. His only reaction has been to attempt to shift the blame for the injuries to other family members. He has never indicated any regret that the victim sustained these injuries.
In sum, all five of these crimes were especially heinous, atrocious and cruel. There was absolutely no semblance of justification for any of this suffering but rather they were a manifestation of exceptional depravity on the part of the defendant.
The defendant sat in Court and mouthed obscenities at the witness who was his stepson, and also his stepdaughter and his own son. His countenance indicates a total cold indifference to his actions and the resulting suffering of the victim.
Fla.R.Crim.P. 3.701(b)(3) provides in part that the "penalty imposed should be commensurate with the severity of the convicted offense and the circumstances surrounding the offense." Florida's district courts have on numerous occasions relied on this language to hold that excessive force is a clear and convincing reason to depart. Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984). Therefore, we find the first reason supplied by the trial court is valid.
With regard to the second reason, vulnerability of the victim has been upheld by this Court as a valid justification for departure. Ross v. State, 478 So.2d 480 (Fla. 1st DCA 1985). In Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1985), this Court opined:
A lewd and lascivious assault upon a ten-year-old child is bad enough. But for a child to be subjected to such by one in familial authority to whom the child should be able to rely upon for protection and sanctuary from such vile conduct constitutes, by any standard, a substantial aggravating circumstance.
The third and fifth reasons both refer to the injuries sustained by the young boy in this case. However, they do not concern the medical severity of the injuries, a factor the State concedes was accounted for on Stewart's scoresheet, rather they emphasize the unbelievable terror and pain the child was subjected to and Stewart's vicious and malevolent intentions towards him. The criminal scienter involved in the aggravated child abuse statute does not necessarily encompass a vicious intent to inflict harm of an outrageous nature, nor does it necessarily involve an intent to subject a child to extreme agony, pain and terror. Moreover, these justifications can both be viewed as "circumstances surrounding the offense." Rule 3.701(b)(3); Garcia v. State, 454 So.2d 714 (Fla. 1st *179 DCA 1984) (holding if the offense or offender characteristics are sufficiently compelling, they can be used as a basis for imposing a sentence outside the guidelines).
The fourth reason concerns the psychological trauma experienced by Stewart's young victim. This justification has repeatedly been held valid. Strickland v. State, 468 So.2d 487 (Fla. 1st DCA 1985); Ross v. State, supra.
Regardless of whether some of the trial court's reasons for departure are impermissible, we affirm Stewart's sentence as rendered as it is clear beyond a reasonable doubt that the absence of any potentially impermissible reasons would not have affected the departure sentence. Albritton v. State, 476 So.2d 158 (Fla. 1985). The following comment by the trial judge establishes this position beyond any question:
The Court heartily agrees with [the State's] assertions that this is the most heinous child abuse case that he has crossed paths with and it is by far the most heinous crime that I have seen in connection with this type offense... . And this Court sees no reason whatsoever why Mr. Stewart should ever be allowed out of prison, but unfortunately this is the maximum sentence that I'm authorized to give under the provisions of the law.
Affirmed.
WENTWORTH and NIMMONS, JJ., concur.