494 So.2d 277 (1986)
Ronald J. JAKUBOWSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1091.
District Court of Appeal of Florida, Second District.
September 17, 1986.
*278 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
The trial court departed from a guidelines sentence of three to seven years and sentenced Jakubowski to fifteen years in prison for the third degree felony murder of a six-year-old boy based on an underlying felony of child abuse. We affirm the conviction but must remand this case for resentencing for the reasons stated below.
Jacqueline Cipollina and Jakubowski lived in St. Petersburg in 1981. Jakubowski, an unemployed live-in boyfriend, was a *279 babysitter for Cipollina's six-year-old son, Mark, while Cipollina was at work.
About 7:30 a.m. on Sunday, October 18, 1981, a paramedic responded to a call at Cipollina's apartment and found the child dead. The medical examiner who autopsied the child said he was burned over forty percent of his body, from his neck down his back to his thighs. A pediatrician, an expert in child abuse cases, said the child had suffered second and third degree burns resulting from immersion in a very hot liquid, probably water.
Jakubowski and Cipollina were charged with second degree murder and third degree murder. At the conclusion of the state's case, the trial court directed a verdict of acquittal on the charge of second degree murder. After deliberation, the jury found Jakubowski and Cipollina guilty of third degree felony murder based on the underlying felony of child abuse. The guidelines score called for a sentence of three to seven years. The trial judge sentenced Jakubowski to fifteen years citing five reasons for departure. We assess each reason:
1. The victim in this case was particularly vulnerable, being a six-year-old boy.
Jakubowski argued the victim's status as a child was an inherent factor in the crime charged, i.e., third degree murder in connection with an act of child abuse, thus this was not a proper reason for departure, citing Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Hendrix, however, is inappropriate to these facts since it dealt with departure based on appellant's prior convictions, a factor already weighed in the scoresheet computation.
The state said that child abuse is not necessarily a lesser included offense of felony murder, citing State v. Enmund, 476 So.2d 165 (Fla. 1985), which may be true but is not relevant to the instant facts. The state also argued this was a valid reason for departure because the defendant abused a position of trust, namely, the defendant was responsible for the victim while the child's mother was absent, citing Gardener v. State, 462 So.2d 874 (Fla. 2d DCA 1985) (teacher's violation of trust by dealing in drugs a valid reason for departure). This approaches a valid reason for departure.
The cases are mixed in this area. Recently the supreme court found the vulnerability of a sleeping stabbing victim not to be a sufficient reason for departure. Williams v. State, 492 So.2d 1308 (Fla. 1986). On the other hand, the first district recently found valid as a reason for departure the vulnerability of an eight-year-old victim of child abuse living in the same residence as defendant and subject to his authority. Stewart v. State, 489 So.2d 176 (Fla. 1st DCA 1986), citing Ross v. State, 478 So.2d 480 (Fla. 1st DCA 1985), and Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1985).
Perhaps the problem here is that the trial court's first reason for departure does not go far enough. Standing alone the tender age of the victim could be said to be an inherent component of the offense charged and thus an impermissible reason for departure. State v. Mischler, 488 So.2d 523 (Fla. 1986). Yet, where the defendant stands in a position of trust, for example, in loco parentis as in the instant case, the reason might be valid if sufficiently articulated, following the line of cases culmininating in Stewart. On balance, this seems the better rule and the reason is valid if properly stated.
We note that the particular cruelty and cold-bloodedness of a crime, Davis v. State, 489 So.2d 754 (Fla. 1st DCA 1986), or its grotesque nature, McGouirk v. State, 470 So.2d 31 (Fla. 1st DCA 1985), have been found to be valid reasons for departure.
2. This child was burned over thirty percent of his body, and testimony was that he would have been in excruciating pain and suffered a great deal prior to his death which came some thirty hours after the infliction of the injury.
Pain and suffering are part of the circumstances surrounding the offense and thus constitute a valid reason for departure. *280 Stewart v. State, 489 So.2d 176 (Fla. 1st DCA 1986); Griffin v. State, 470 So.2d 103 (Fla. 2d DCA 1985); cf. Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984) (psychological trauma inflicted on victim a sufficient reason for departure). This reason is clearly valid.
3. The legislature has now made child abuse/murder a capitol (sic) felony, so that if this defendant had been convicted of this crime at the present time, his sentence would be either death or life imprisonment with no parole for twenty-five years.
The state argued that this was a permissible reason for departure because it was really an amalgam of reasons one and two showing the court's awareness of the egregious nature of the offense. Jakubowski argued this reason was invalid because it was an ex post facto application of a revised statute to enhance his penalty. We agree and find this is not a valid reason for departure.
4. It is this Court's opinion that this defendant was primarily responsible for the injuries inflicted.
The state asserted that the defendant conceded this is a valid reason for departure, and it is true Jakubowski did not object to this reason in his brief. It is not a valid reason for departure, however, because the defendant's culpability is what the sentence for the offense was designed to punish. "A court cannot use an inherent component of the crime in question to justify departure." State v. Mischler, 488 So.2d 523 (Fla. 1986).
5. Although this court would not allow this testimony into the trial, there were numerous other instances of child abuse other than that which caused death.
This reason is invalid because it uses other instances of child abuse outside the record for which there were no convictions to enhance defendant's punishment. F.R.Crim.P. 3.701(d)(11); Trainor v. State, 468 So.2d 484 (Fla. 2d DCA 1985). Although the state argued that a pattern of child abuse, as a part of the surrounding circumstances, is a valid departure reason, citing F.R.Crim.P. 3.701(b)(3), there was no evidence in the instant case concerning a pattern of escalating convictions and thus this cannot be a valid reason for departure. Fabello v. State, 488 So.2d 915 (Fla. 2d DCA 1986).
Unfortunately, the trial court used both valid and invalid reasons for departure from the sentencing guidelines. We cannot determine whether the court would have departed absent the invalid reasons and therefore we must remand this case for resentencing. Albritton v. State, 476 So.2d 158 (Fla. 1985).
We affirm Jakubowski's conviction and reverse his sentence, and remand this case for resentencing in accordance with this opinion.
Affirmed in part, reversed in part, with directions.
SANDERLIN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.