498 So.2d 680 (1986)
Sergio LEON, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-1209.
District Court of Appeal of Florida, Third District.
December 16, 1986.
*681 Bennett H. Brummer, Public Defender, and Sheryl L. Lowenthal, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Steven T. Scott, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and FERGUSON, JJ.
PER CURIAM.
The defendant Sergio Leon appeals his judgment of conviction and life sentence for the life felony of sexual battery on a person less than twelve years of age. § 794.011(2), Fla. Stat. (1985). We affirm the judgment of conviction, but reverse the life sentence imposed and remand for resentencing.
First, we find no merit in the defendant's three points on appeal which seek reversal of the conviction and a remand for a new trial. The central point raised is that the trial court erred in denying a pretrial defense motion to declare the five-year old complainant herein incompetent to testify as a witness. We cannot agree because: (a) the defendant waived the point for appellate review by failing to object to the complainant's testimony when offered at trial, Bonham v. State, 450 So.2d 269 (Fla. 3d DCA 1984); Rodriguez v. State, 433 So.2d 1273 (Fla. 3d DCA 1983); Jones v. State, 360 So.2d 1293 (Fla. 3d DCA 1978); and (b) the complainant was shown to be a competent witness in any event. Rutledge v. State, 374 So.2d 975 (Fla. 1979), cert. denied, 446 U.S. 913, 100 S.Ct. 1844, 64 L.Ed.2d 267 (1980); Fernandez v. State, *682 328 So.2d 508 (Fla. 3d DCA), cert. denied, 341 So.2d 1081 (Fla. 1976). The other two points on appeal [relating to (a) the denial of the defendant's pretrial motion to suppress both the pretrial and in-court identification of the defendant, and (b) the denial of a jury instruction on a lesser included offense] present no error and require no discussion. Castor v. State, 365 So.2d 701 (Fla. 1978); Harrielson v. State, 441 So.2d 691 (Fla. 5th DCA 1983); State v. Stephens, 441 So.2d 171 (Fla. 3d DCA 1983); Love v. State, 438 So.2d 142 (Fla. 3d DCA 1983).
Second, we find error in the trial court's departure from the sentencing guidelines range of twelve to seventeen years imprisonment and imposition of the life imprisonment sentence herein. The trial court's written reasons for this departure were:
"[1] This victim was only 5 [years] old [and] [2] the child was tied up. [3] He was yanked off the street by this def[endant] who was a complete stranger. [4] Def[endant] then lied to the probation people."
There was utterly no evidence presented below to establish that the defendant "yanked" the complainant off the street or that the two were strangers; on the contrary, the record shows that defendant enticed the complainant into a nearby house, that the defendant was a neighbor of the complainant, and that the two knew each other. Moreover, there was no evidence adduced below that the defendant lied to the probation department. There is, accordingly, no evidentiary support for the third and fourth reasons given for the subject departure. See Wyman v. State, 459 So.2d 1118, 1119 (Fla. 1st DCA 1984) (reasons for departure must have evidentiary basis).
The tender age of the complainant and the fact that the complainant's hands were tied while the defendant committed an act of oral sex in this case has given us, quite frankly, some pause. We have concluded, however, that the tender age of the complainant cannot constitute a reason for the sentencing departure herein because the age of the complainant  eleven years or under  is an essential element of the crime charged. § 794.011(2), Fla. Stat. (1985). All children under the age of twelve are, by definition, children of tender age who are particularly vulnerable to acts of child abuse. The fact that this complainant was of tender age, therefore, cannot constitute in itself a valid reason for a sentencing departure in this case. Jakubowski v. State, 494 So.2d 277, 279 (Fla. 2d DCA 1986); see State v. Mischler, 488 So.2d 525 (Fla. 1986); Steiner v. State, 469 So.2d 179, 181 (Fla. 3d DCA), pet. for review denied, 479 So.2d 118 (Fla. 1985). But cf. Stewart v. State, 489 So.2d 176, 178 (Fla. 1st DCA 1986) (where defendant occupies a familial status relative to victim, vulnerability due to age may constitute valid departure basis); Ross v. State, 478 So.2d 480, 481 (Fla. 1st DCA 1985) (same). As for the complainant's hands being tied up, it is not contended that this act constituted excessive brutality and there is no evidence that the child was physically or psychologically injured thereby; even if there were such evidence, we cannot recognize physical or emotional trauma to the victim as a valid basis for a sentencing departure in sexual battery cases. State v. Lerma, 497 So.2d 736 (Fla. 1986); see Brunson v. State, 492 So.2d 1155, 1157 (Fla. 3d DCA 1986); Chandler v. State, 490 So.2d 221, 223 (Fla. 2d DCA 1986).
The final judgment of conviction under review is affirmed; the life sentence under review is reversed and the cause is remanded to the trial court to resentence the defendant within the sentencing guidelines range of twelve to seventeen years imprisonment.