DANAHY, Chief Judge.
We affirm appellant’s convictions for several burglary offenses, but reverse her sentence. In doing so, we agree that the several reasons given by the trial court to depart from the sentencing guidelines are not clear and convincing.
Of the seven reasons we are able to discern from the departure order, we find only three are valid. The remaining four reasons are not clear and convincing as we explain.
1. As its first reason, the trial court stated that the recommended guideline sentence was “inadequate for this defendant’s rehabilitation, for deterrence, and to protect society.” This reason is invalid. Scurry v. State, 489 So.2d 25 (Fla.1986). The seventh reason given, that “defendant’s actions constitute a pressing danger to the community,” is a restatement of the need to “protect society” and, consequently, is also invalid.
2. The court’s third reason — “prior contact with the judicial system did not deter her from committing the same offense again” — is a departure based on prior record and violates Hendrix v. State, 475 So.2d 1218 (Fla.1985).
3. The fifth reason stated is a valid reason to depart inasmuch as it involves abuse of the position of trust which appellant held in regard to her children. Jakubowski v. State, 494 So.2d 277 (Fla. 2d DCA 1986). There is, however, insufficient evidentiary support for this reason. Therefore, we cannot state that it meets the clear and convincing test. State v. Mischler, 488 So.2d 523 (Fla.1986).
4. We also are unable to approve the sixth departure reason in which the court provided that “Defendant participated in the distribution of cocaine and marijuana to numerous other individuals.” Although charged with trafficking in cocaine, the jury found appellant guilty of two counts of sale of cocaine in addition to counts for possession of cocaine and marijuana. This sixth reason is impermissible because it is based upon a crime for which no conviction was obtained in violation of Florida Rule of Criminal Procedure 3.701(d)(ll). Furthermore, that “numerous other individuals” were involved is not substantiated in this record.
We reverse and remand for resen-tencing in accordance with Albritton v. State, 476 So.2d 168 (Fla.1985), because the state has failed to carry its burden of showing that the same sentence would *1023 have been imposed without considering the foregoing invalid reasons.
Convictions affirmed; sentence reversed and remanded for resentencing.
FRANK and HALL, JJ., concur.