NIMMONS, Judge.
Molden appeals from his upward departure sentence. We reverse and remand for the imposition of a new sentence within the applicable guidelines range.
The defendant was originally charged in a two-count information with: (1) engaging in sexual activity with a child 12 years of age or older, but less than 18 years of age, with whom the defendant stood in a position of familial or custodial authority, contrary to Section 794.041, Florida Statutes (1984 Supp.) and (2) sexual battery upon a person 12 years of age or older, without such person’s consent, and in the process used physical force and violence not likely to cause serious personal injury, contrary to Section 794.011(5), Florida Statutes (1984 Supp.). The same victim was involved in both counts.
Pursuant to a plea agreement, the defendant entered a plea of nolo contendere to the count two charge in exchange for the state’s nolle prosequi of the first count. The guidelines sentence range was 7-9 years. The court imposed a departure sentence of 15 years imprisonment, giving as written reasons therefor: (1) “tender age of victim at time of offense;” and (2) “crime involved gross abuse of the familial-custodial relationship, that being the defendant is the natural father of the victim.”
We cannot approve the first reason for departure because under pertinent decisions of the Florida Supreme Court, the age of a victim — even at the bottom of the age range (12 years) contemplated under Section 794.011(5) — must be regarded as an inherent component of a violation of such section. See Atwaters v. State, 519 So.2d 611 (Fla.1988); McGouirk v. State, 493 So. 2d 1016 (Fla.1986).
The second departure reason is also invalid under Florida Rules of Criminal Procedure 3.701(d)(ll) which provides in relevant part:
Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.
Although in some instances an abuse of familial/custodial authority may be deemed to be a valid departure reason, see e.g., Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1984), review denied, 471 So.2d 44 (Fla.1985), this reason must be disallowed in the instant case. The “familial authority” count under Section 794.041 was, as noted above, dropped by the state.
Accordingly, the sentence is REVERSED and the cause is REMANDED for imposition of sentence within the guidelines range.
THOMPSON and BARFIELD, JJ„ concur.