PARKER, Judge.
Raul Rodriguez appeals a judgment wherein he was adjudicated guilty of one count of battery and two counts of lewd *709 assault in the presence of a child under the age of sixteen years and the resulting sentences. We affirm the convictions but remand for resentencing.
Rodriguez raises two issues on appeal; however, we find merit in the sentencing issue only and decline to discuss the other issue. Although the recommended guidelines sentence was three and one-half to four and one-half years’ imprisonment, the trial court departed upward and sentenced Rodriguez to fifteen years. The trial court cited four reasons to support the departure sentence. A discussion of each reason follows.
USE OF FAMILIAL AUTHORITY TO ABUSE THE CHILDREN
The abuse of familial authority is a valid reason for departure. Davis v. State, 517 So.2d 670, 673-74 (Fla.1987) (abuse of the trust of a family relationship may justify departure); Jakubowski v. State, 494 So.2d 277, 279 (Fla. 2d DCA 1986) (abuse of position of trust might be valid if sufficiently articulated); Williams v. State, 462 So.2d 36, 37 (Fla. 1st DCA 1984), review denied, 471 So.2d 44 (Fla. 1985) (abuse of familial authority is valid reason for departure). Further, this reason is supported by the evidence. Rodriguez was the de facto stepfather of the children. They called him “papa,” and he shared their mother’s bedroom with her. The mother worked nights, and the children were in Rodriguez’s care, custody, and control. Rodriguez’s position of authority over the victims facilitated the commission of the crimes.
THREATS MADE TO VICTIMS TO CONCEAL THE CRIMES
The first and third district -courts have held that threats made by the defendant to victims or witnesses is a valid reason for departure. See Walker v. State, 496 So.2d 220, 221 (Fla. 3d DCA 1986); Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1984), review denied, 471 So.2d 44 (Fla.1985). The record in this case supports the finding that Rodriguez threatened both child victims. Both children testified that Rodriguez threatened them if they ever told anyone about his lewd behavior.
PSYCHOLOGICAL TRAUMA
Psychological trauma may be a valid reason for departure if the trauma arises from extraordinary circumstances which are not inherent in the offense or when the victim has a discernible physical manifestation resulting from the trauma. State v. Rousseau, 509 So.2d 281 (Fla. 1987). In this case, the record does not support a finding of psychological trauma. The only evidence of psychological trauma was the testimony of the mother that the girl victim began to daydream and to act aggressively toward her brother. While we have some indication in the record that the presentence investigation contained information that both children were undergoing counseling and that the girl would require long-term psychological treatment, the presentence investigation report was not made a part of the record on appeal.
TENDER AGES OF THE VICTIMS
The victims’ tender ages is an invalid reason because the ages of the victims are inherent in the offense of lewd assault in the presence of a child under the age of sixteen years. See Jakubowski v. State, 494 So.2d 277, 279 (Fla. 2d DCA 1986); Molden v. State, 530 So.2d 1000, 1001 (Fla. 1st DCA 1988); Leon v. State, 498 So.2d 680, 682 (Fla. 3d DCA 1986).
The trial court relied upon both valid and invalid reasons to support the departure sentence. Because these crimes occurred prior to the effective date of section 921.001(5), Florida Statutes (1987),* this court must utilize the standard set forth in Albritton v. State, 476 So.2d 158 (Fla. 1985). See State v. McGriff, 537 So.2d 107 (Fla.1989). In Albritton, the supreme *710 court held that when reviewing a departure sentence based on both valid and invalid reasons, the appellate court must remand the case for resentencing unless the state shows beyond a reasonable doubt that the trial court would have imposed the same ■sentence absent the invalid reasons. Albritton, 476 So.2d at 160. In this case, the state failed to carry this burden; accordingly, this case must be remanded for re-sentencing. The fact that the trial judge stated that each of the reasons would support the sentence imposed is insufficient. See Griffis v. State, 509 So.2d 1104 (Fla. 1987).
Judgment affirmed. Remanded for re-sentencing.
FRANK, A.C.J., and HALL, J., concur.

 Section 921.001(5), Florida Statutes (1987), in relevant part, provides: "When multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify departure."