FRANK, Judge.
We affirm Richard Boomer’s convictions for sexual battery on a child under 12, attempted sexual battery on a child under 12, unnatural and lascivious act on a child under 12, and lewd assault on a child. Pursuant to the pertinent statute’s mandate, Boomer was sentenced to life imprisonment for the sexual battery count. § 775.082(1), Fla.Stat. (1987). The attempted sexual battery resulted in Boomer being sentenced to thirty years, and for the lewd assault he was sentenced to a consecutive fifteen years, each such sentence to run consecutively to the life sentence. Boomer was sentenced to sixty days for the unnatural and lascivious acts to run concurrently with the life sentence.
The thirty-year and fifteen-year consecutive sentences constitute improper departure from the guidelines. The bases for the trial court’s departure was Boomer’s lack of remorse, the vulnerability of the children, and the emotional trauma to the victims. Absent physical manifestation, which was not present in this case, psychological injury to the victim is an improper reason for departure. See State v. Rousseau, 509 So.2d 281 (Fla.1987). Lack of remorse is similarly improper. Mischler v. State, 488 So.2d 523 (Fla.1986). The departure element of vulnerability was based upon the fact that the victims were children. Victim age, however, is an essential element of Boomer’s crimes and the circumstances present in this matter do not fall within an exception permitting departure for a reason inherent in the crime, such as was found in Jakubowski v. State, 494 So.2d 277 (Fla. 2d DCA 1986), where the defendant stood “in a position of trust, for example, in loco parentis.” As heinous as Boomer’s conduct was, his relationship with the victims was not such as to allow departure. He was the friend of a stepparent who used poor judgment in associating with Boomer, thus permitting him the opportunity to engage in the criminal behavior.
The only arguably valid reason for departure identified by the trial court was Boomer’s threats to the victims which are supported in the record. See Walker v. State, 496 So.2d 220 (Fla. 3d DCA 1986). Boomer, however, was sentenced when Albritton v. State, 476 So.2d 158 (Fla.1985), defined the standard for appellate review of departure sentences, and the state has not shown beyond a reasonable doubt that the trial court would have departed solely on the basis of the one valid reason.
Therefore, the case is remanded and Boomer is to be sentenced within the guidelines for Count II in Case No. CF87-1107A1-XX and for Count I in Case No. CF87-1147A1-XX.
RYDER, A.C.J., and DANAHY, J., concur.