PER CURIAM.
Appellant Spring Celia Page was charged with possession of cocaine, a felony, and possession of drug paraphernalia, a misdemeanor. Sitting as trier of the facts, the circuit court convicted her only of the lesser offense. The conviction is not contested on appeal. However, Page correctly asserts that it was error to impose a sentence of community control for the misdemeanor offense. DeLeon v. State, 536 So.2d 305 (Fla. 2d DCA 1988).[1] Accordingly, Page must be resentenced.
Page’s argument regarding the imposition of court costs and attorney fees is without merit. State v. Beasley, 580 So.2d 139 (Fla.1991).
Conviction and order imposing costs and fees affirmed; sentence vacated and remanded for resentencing.
RYDER, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.

. Appellate counsel brings to our attention the fact that Page’s community control was revoked during the pendency of this appeal. Ironically, the alleged violations all relate to Page’s failure to honor conditions unique to community control, such as the obligation to remain confined to her residence. For reasons that are unclear from the record, a sentencing guidelines score-sheet was prepared, which counsel asks us to strike along with a “subsequent felony offender” notice. Given the fact no felony offense has occurred in the present case, we regard these items simply as nullities.