593 So.2d 557 (1992)
Alvin Lamar WOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 91-178.
District Court of Appeal of Florida, Fifth District.
January 24, 1992.
James B. Gibson, Public Defender, and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca R. Wall, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This is another guidelines sentencing case.
The defendant was before the court for sentencing on four offenses; his guidelines scoresheet recommended a sentence of life imprisonment.
Pursuant to the habitual offender statute,[1] the defendant was sentenced on one count (burglary of a dwelling while armed, § 810.02(2)(b), Fla. Stat.) to 60 years imprisonment. Consecutive to the 60 year sentence, the defendant was sentenced on two other counts (false imprisonment, § 787.02(2), Fla. Stat. and attempted manslaughter, § 782.07, Fla. Stat.) to a total of 20 years imprisonment. Without invocation of the habitual offender statute and without valid written reasons justifying a departure sentence, the defendant was given a guidelines sentence on another count (sexual battery with a deadly weapon, § 794.011(3), Fla. Stat.) of life imprisonment consecutive to the two sentences totalling 80 years. The defendant appeals and argues that his sentences were consecutive and that his sentence for sexual battery with a deadly weapon departed from the recommended guidelines range without the necessary contemporaneous valid written reasons being given.
Where a defendant's scoresheet recommends a sentence of life imprisonment and a life imprisonment sentence is imposed and consecutive sentences are imposed on other counts at the same time the life sentence is imposed, see Rease v. State, 493 So.2d 454 (Fla. 1986); Green v. State, 581 So.2d 253 (Fla. 5th DCA 1991); Lewis v. State, 550 So.2d 144 (Fla. 1st DCA 1989), the life imprisonment sentence is a departure sentence because, by being consecutive, the defendant does not commence service of the life sentence until after the expiration of the other (here 80 years) sentences and, thus, has been sentenced to something in addition to life imprisonment which is, of course, a departure from the recommended guidelines sentence.
However, the record discloses that the trial court did not intend to impose a departure sentence when it imposed the life sentence on the sexual battery offense. Therefore, upon remand, the trial court may consider the imposition of a departure *558 sentence. State v. Betancourt, 552 So.2d 1107 (Fla. 1989); Green v. State; Henderson v. State, 577 So.2d 653 (Fla. 1st DCA 1991), rev. denied, 589 So.2d 291 (Fla. 1991); Merritt v. State, 567 So.2d 1031 (Fla. 4th DCA 1990).
All of the convictions are affirmed. The 60 year sentence on the armed burglary offense and the two consecutive 10 year sentences on the false imprisonment and attempted manslaughter offenses are affirmed. The life sentence on the sexual battery offense is vacated and the cause remanded for resentencing on that offense.
AFFIRMED IN PART; ONE SENTENCE VACATED; REMANDED FOR RESENTENCING.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] § 775.084, Fla. Stat.