596 So.2d 730 (1992)
Richard Murl BOOMER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 91-00533.
District Court of Appeal of Florida, Second District.
March 20, 1992.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sue R. Henderson, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant claims that the trial court improperly imposed an upward departure sentence upon him on remand by this court for resentencing within the guidelines. We hold that the sentence is not an upward departure and affirm.
In Boomer v. State, 564 So.2d 1232 (Fla. 2d DCA 1990), this court affirmed the appellant's convictions and his sentence of life imprisonment on one count of sexual battery on a child under the age of twelve. We found that consecutive sentences of thirty years and fifteen years on two other counts, attempted sexual battery and lewd assault, constituted an improper departure from the guidelines. Accordingly, we remanded with directions that the appellant be sentenced within the guidelines on those two offenses.
The appellant's sentencing guidelines scoresheet placed him in a recommended range of seven to nine years. On remand, the trial court imposed concurrent sentences of nine years imprisonment. It then made these two concurrent sentences consecutive to the sentence of life imprisonment which the appellant received on the sexual battery count. The appellant argues that by making the guidelines sentences consecutive to the nonguidelines sentence for the capital felony, the trial *731 court departed from the recommended range of the guidelines.
We have found only one other case in Florida addressing this issue. That is the decision of the Fifth District Court of Appeal in Wood v. State, 593 So.2d 557 (Fla. 5th DCA 1992). In that case, a guidelines sentence of life imprisonment was made consecutive to two nonguidelines sentences (habitual offender) totaling eighty years. The court said that the life imprisonment sentence was a departure sentence because, by being consecutive, the defendant does not commence service of the life sentence until after the expiration of the other sentences of eighty years and, thus, has been sentenced to something in addition to life imprisonment which is a departure from the recommended guidelines sentence.
We respectfully disagree with the reasoning of our sister court in Wood v. State and hold that the sentence imposed upon the appellant in this case is not an upward departure sentence. We express direct conflict with the decision in Wood v. State.
Affirmed.
RYDER, A.C.J., and DANAHY and LEHAN, JJ., concur.