BLUE, Judge.
Gary Renard Mitchell (Mitchell) appeals sentences imposed after violation of community control in two cases. In case no. 89-21116, he was sentenced as a habitual offender to ten years imprisonment for possession of cocaine. In the same case he was sentenced as a habitual offender to one year in the county jail for misdemeanor possession of drug paraphernalia consecutive to the sentence in case no. 89-7840. In case no. 89-7840 Mitchell received a guideline sentence of three and one-half years in prison consecutive to the ten year habitual offender sentence. We reverse and remand the one year jail sentence in case no. 89-21116 as void but affirm the remaining sentences.
Mitchell contends the ten year habitual offender sentence resulted from the court illegally placing him on community control as a habitual offender at his original sentencing. We affirm on authority of King v. State, 597 So.2d 309 (Fla. 2d DCA 1992), but we acknowledge conflict with State v. Kendrick, 596 So.2d 1153 (Fla. 5th DCA 1992).
Mitchell contends the imposition of a guideline sentence in case no. 89-7840, consecutive to the non-guideline habitual sentence in case no. 89-21116, without written reasons for departure was error. In Boomer v. State, 596 So.2d 730 (Fla. 2d DCA 1992), this court held that making a guideline sentence consecutive to a non-guideline sentence is not an upward departure. We affirm but recognize conflict with Wood v. State, 593 So.2d 557 (Fla. 5th DCA 1992).
The one year county jail sentence in case no. 89-21116 is void. The sentence is improper because the trial court sentenced Mitchell to the county jail as a habitual offender for a misdemeanor. This sentence is also improper as a result of the trial court sentencing Mitchell to community control for the misdemeanor at the original sentencing. Page v. State, 585 So.2d 508 (Fla. 2d DCA 1991). We have previously held a sentence to community control for a misdemeanor offense void. York v. State, 599 So.2d 199 (Fla. 2d DCA 1992). Accordingly we affirm in part, reverse in part, and remand for resentencing of the misdemeanor charge in case no. 89-21116.
FRANK, A.C.J., and ALTENBERND, J., concur.