THREADGILL, Acting Chief Judge.
The appellant, Gregory J. Trigg, challenges his habitual offender sentence entered upon a second violation of probation. He raises three issues for review, all of which have been previously decided in other cases before this or another district court. We affirm.
The appellant first argues that the trial court illegally departed from the sentencing guidelines by imposing a guidelines sentence of incarceration consecutive to a habitual offender sentence. This issue has been decided adversely to the appellant’s position by this court in Boomer v. State, 596 So.2d 730 (Fla. 2d DCA 1992); see also Ricardo v. State, 608 So.2d 93 (Fla. 2d DCA 1992). In Boomer, we acknowledged conflict with Wood v. State, 593 So.2d 557 (Fla. 5th DCA 1992), and the Florida Supreme Court has accepted jurisdiction in Boomer v. State, 604 So.2d 486 (Fla.1992).
The appellant next argues that the trial court, upon revocation of his probation, illegally increased the habitual offender sentence previously imposed. The sentence imposed by the trial court upon revocation is permissible under Hicks v. State, 595 So.2d 976 (Fla. 1st DCA 1992).
Finally, the appellant argues that the imposition of probation, after he had been classified as a habitual offender, constituted an illegal sentence. This argument has previously been rejected by this court in King v. State, 597 So.2d 309 (Fla. 2d DCA), rev. den., 602 So.2d 942 (Fla.1992). We acknowledge conflict with State v. Kendrick, 596 So.2d 1153 (Fla. 5th DCA 1992).
Affirmed.
ALTENBERND, J., and STOUTAMIRE, R. GRABLE, Associate Judge, concur.