CAMPBELL, Judge.
Appellant challenges his convictions and sentences for two counts of robbery with a firearm and one count of kidnapping with a firearm.
Appellant argues that the written sentence for kidnapping must be corrected because it improperly reflects that he was sentenced as an habitual offender when in fact he was not. He was habitualized for the robbery counts but not for the kidnapping. Armed kidnapping is a life felony, thus is not subject to the habitual offender statute. Section 775.087(l)(a), Fla.Stat. (1989); Pelham v. State, 595 So.2d 581 (Fla. 2d DCA 1992). Clearly, the habitual offender box was checked by mistake. We remand for the kidnapping sentence to be corrected so as to reflect it was not an habitual offender sentence.
Next, appellant argues that it was error to impose additional incarceration consecutive to the habitualized sentence because that resulted in an illegal departure from the guidelines. A guidelines sentence consecutive to a nonguidelines sentence is not a departure sentence. Boomer v. State, 596 So.2d 730 (Fla. 2d DCA), juris, accepted, 604 So.2d 486 (Fla.1992). In Boomer, we recognized conflict with Wood v. State, 593 So.2d 557 (Fla. 5th DCA 1992). We affirm appellant’s sentence based on Boomer and continue to express conflict with Wood.
Finding no merit in appellant’s other arguments, we affirm the judgment and sentences except we remand for correction of the kidnapping sentence.
DANAHY, A.C.J., and PARKER, J., concur.