616 So.2d 991 (1993)
Richard Murl BOOMER, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 79638.
Supreme Court of Florida.
April 15, 1993.
James Marion Moorman, Public Defender, and Cynthia J. Dodge and Megan Olson, Asst. Public Defenders, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen., and Sue R. Henderson, Asst. Atty. Gen., Tampa, for respondent.
SHAW, Justice.
We have for review Boomer v. State, 596 So.2d 730 (Fla. 2d DCA 1992), wherein the district court recognized conflict with Wood v. State, 593 So.2d 557 (Fla. 5th DCA 1992). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We approve Boomer.
Boomer was convicted of sexual battery on a child under twelve, attempted sexual battery, and lewd assault based on incidents that took place between November 1 and December 31, 1986, and was sentenced to life imprisonment with consecutive thirty and fifteen year terms, respectively. The district court affirmed the convictions and the life sentence, reversed the consecutive thirty and fifteen year terms, and remanded for resentencing under the guidelines on the attempted sexual battery and lewd assault counts. The guidelines called for a total recommended range of seven to nine years on the two offenses. The trial court on remand imposed two concurrent nine year terms, to be served consecutively with the life sentence. The district court affirmed and recognized conflict with Wood, wherein the court ruled that a guidelines sentence ordered to be served consecutively with an habitual offender sentence constitutes a departure requiring justification.
Boomer notes that under the rules governing the sentencing guidelines a court may not exceed the guidelines range by ordering one guidelines maximum sentence to run consecutively with another guidelines maximum, without giving written reasons. A court similarly may not order a guidelines maximum term to run consecutively with a nonguidelines (i.e., capital) sentence as was done in the present case, *992 he contends. The sentences must be concurrent, Boomer argues, and if a court wishes to depart based on a capital felony it may do so only upon written justification.
Florida Statutes authorize sentences for criminal offenses to be imposed either concurrently or consecutively:
A defendant convicted of two or more offenses charged in the same indictment, information, or affidavit or in consolidated indictments, information, or affidavits shall serve the sentences of imprisonment concurrently unless the court directs that two or more of the sentences be served consecutively. Sentences of imprisonment for offenses not charged in the same indictment, information, or affidavit shall be served consecutively unless the court directs that two or more of the sentences be served concurrently.
§ 921.16(1), Fla. Stat. (1985). See also § 775.021(4), Fla. Stat. (1985). Additionally, the sentencing guidelines provide that when consecutive sentences are imposed under the guidelines, "the total sentence cannot exceed the total guideline [maximum] sentence unless a written reason is given." Fla.R.Crim.P. 3.701(d)(12).
We note that capital felonies are expressly excluded from the sentencing guidelines scheme:
The guidelines shall be applied to all felonies, except capital felonies, committed on or after October 1, 1983, and to all felonies, except capital felonies and life felonies, committed prior to October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced pursuant to the provisions of this act.
§ 921.001(4)(a), Fla. Stat. (1985). Accordingly, sentences imposed for capital offenses are not subject to the guidelines' restrictions, including the one noted above concerning consecutive sentences. We hold that where a court imposes a guidelines maximum sentence to be served consecutively with a capital sentence the resulting term does not constitute a guidelines departure requiring written justification.
Based on the foregoing, we approve Boomer.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.