616 So.2d 992 (1993)
Charles Howard GIPSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 80367.
Supreme Court of Florida.
April 15, 1993.
*993 James Marion Moorman, Public Defender, and Cecilia A. Traina, Asst. Public Defender, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen., and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for respondent.
SHAW, Justice.
We have for review Gipson v. State, 603 So.2d 64 (Fla.2d DCA 1992), which relied on Boomer v. State, 596 So.2d 730 (Fla.2d DCA 1992). We have jurisdiction. Art V, § 3(b)(3), Fla. Const. We approve Gipson.
Gipson was convicted of numerous drugrelated crimes and sentenced to two concurrent guidelines maximum sentences to be served consecutively with his several habitual felony offender terms, which were in turn imposed consecutively. The district court affirmed in a one-sentence opinion, citing to Boomer, wherein the second district ruled that a guidelines maximum sentence ordered to be served consecutively with a capital sentence does not constitute a departure requiring written justification. The court in Gipson cited as conflicting authority Wood v. State, 593 So.2d 557 (Fla. 5th DCA 1992), a fifth district case wherein the court ruled that a guidelines maximum sentence imposed consecutively with an habitual offender sentence constitutes a departure.
Subsequent to issuance of Gipson, this Court approved Boomer, reasoning that because capital felonies are excluded from the sentencing guidelines scheme they are not subject to guidelines restrictions including the one barring imposition of consecutive maximum terms. See Boomer v. State, 616 So.2d 991 (Fla. 1993). We note that habitual offender sentences are similarly excluded from the guidelines scheme:
A sentence imposed under this [habitual offender] section shall not be subject to the provisions of s. 921.001 [the sentencing guidelines].
Section 775.084(4)(e), Fla. Stat. (1991). Accordingly, we hold that where a court imposes a guidelines maximum sentence to be served consecutively with an habitual offender sentence the resulting term does not constitute a guidelines departure requiring written justification.
Based on the foregoing, we approve Gipson and disapprove Wood.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.