PER CURIAM.
Stephen Smith appeals his conviction of first degree murder, robbery with a deadly weapon and armed burglary with assault. We affirm these convictions.
Among other things appellant argues that the prosecutor impermissibly mentioned penalties during closing argument. We note in passing that appellant refused a curative instruction on the grounds that it was ineffective as worded. He did not offer a corrective instruction. As we held in Valdez v. State, 613 So.2d 916, 918 (Fla. 4th DCA), appeal after remand, 624 So.2d 857 (Fla. 4th DCA 1993), it is improper for the state to comment on possible criminal penalties in closing argument. We reiterate that rule here and caution that its violation may very well result in unnecessary expenditures of time and money where retrial is the appropriate remedy. Here, however, because appellant has not demonstrated that he was prejudiced by the comment and, as there are no other errors requiring that we reverse the convictions, we find the error harmless applying the analysis explained in State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Appellant also appeals his sentence. The trial court imposed life imprisonment for first degree murder. The court also sentenced appellant to life imprisonment for robbery with a deadly weapon and life imprisonment for burglary with a deadly weapon and assault. The trial court ordered the sentences for robbery and for burglary to run consecutive to each other and consecutive to the sentence for murder. Appellant argues that ordering the sentences for robbery and burglary to run consecutive to each other constitutes a departure from the sentencing guidelines and is therefore erroneous in the absence of written reasons.
The maximum guideline sentence for robbery with a deadly weapon is life imprisonment with a permitted range of twenty-seven years to life. The maximum guideline sentence for burglary with a deadly weapon and assault is life imprisonment with a permitted range of twenty-seven years to life. The effective result of the sentences imposed here is to require appellant to serve two life sentences, thus exceeding the maximum guideline sentence for each crime. See Bowman v. State, 620 So.2d 1036 (Fla. 4th DCA 1993). Cf. State v. Boatwright, 559 So.2d 210 (Fla.1990). It was proper, however, to order the non-capital felony sentences to run consecutive to the capital sentence. Boomer v. State, 616 So.2d 991 (Fla.1993).
We reverse and remand for resentencing. The trial court may depart from the guidelines if it is so inclined, but must support departure by sufficient written reasons.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
HERSEY, GUNTHER and WARNER, JJ., concur.