WOLF, Judge.
Appellant raises three issues on appeal, none of which have merit, and only one of which will be discussed herein: Whether the sentence imposed upon the defendant constituted a departure from the guidelines without sufficient written reason. We find it did not. See Gipson v. State, 616 So.2d 992 (Fla.1993).
As to count II, appellant received a habitual violent felony offender sentence of life with a three-year-mandatory-minimum, and 15 years without possibility of parole. On counts I and III, he received guideline life sentences with three-year-mandatory-minimums to run concurrently with count II. The sentences in counts I and III would be subsumed by the more stringent habitual offender sentence of count II. As to counts IV and V, appellant received guideline life sentences with three-year-mandatory-minimums, each of these sentences to ran concurrently.
The trial court then ordered that counts IV and V (the guidelines sentence) run consecutively to count II (the habitual violent offender sentence), a procedure allowed pursuant to Gipson, supra. The trial court also ordered that all the mandatory-minimums and enhancements be served concurrently. Thus, there is no violation of Hale v. State, *733 630 So.2d 521 (Fla.1993). We, therefore, affirm.
ERVIN and JOANOS, JJ., concur.