WHATLEY, Judge.
The appellant, Michael Richard Long, challenges the sentences imposed in two cases which have been consolidated on appeal.
In the first case, trial court case number 92-5818, Long was convicted of robbery with a firearm, armed burglary of a dwelling, and grand theft of a firearm. The trial court sentenced Long as a habitual felony offender to consecutive life sentences on the robbery and burglary, and to a consecutive five-year prison term for the grand theft.
In Hale v. State, 630 So.2d 521 (Fla.1993), cert, denied, — U.S.—, 115 S.Ct. 278,130 L.Ed.2d 195 (1994), which was decided after the sentencing hearing in this case, the Florida Supreme Court held that habitual offender sentences may not be ordered to run consecutively for crimes committed during the same criminal episode. Since Long’s convictions for robbery, burglary, and grand theft involved acts which were committed during the same criminal episode, he should not have been given consecutive sentences. On remand, since Long was habitualized, his sentences must be concurrent.
In the second case brought before this court, there are a number of sentencing errors. See Hale; Lamont v. State, 610 So.2d 435 (Fla.1992); Ree v. State, 565 So.2d 1329 (Fla.1990); Pope v. State, 561 So.2d 554 (Fla.1990); Robinson v. State, 520 So.2d 1 (Fla.1988); Rease v. State, 493 So.2d 454 (Fla.1986). On remand, the scoresheet will need to be recalculated. Gipson v. State, 616 So.2d 992 (Fla.1993); Mitchell v. State, 614 So.2d 671 (Fla. 2d DCA), review denied, 626 So.2d 207 (Fla.1993); King v. State, 597 So.2d 309 (Fla. 2d DCA) (en banc), review denied, 602 So.2d 942 (Fla.1992). Therefore, the second case, trial court case number 92-5714, is remanded to the trial court for re-sentencing.
Accordingly, on both cases, we affirm Long’s convictions and reverse and remand for resentencing.
THREADGILL, A.C.J., and ALTENBERND, J., concur.