STONE, Judge,
dissenting.
I would affirm the sentence on the authority of Gipson v. State, 616 So.2d 992 (Fla.1993). In Gipson, the court approved the imposition of a maximum guideline sentence consecutive to a habitual offender sentence. Here, concurrent habitual offender sentences were imposed to run consecutive to concurrent life sentences. See also Ward v. State, 651 So.2d 732 (Fla. 1st DCA 1995).
The life sentences were within the sentencing guidelines and were imposed on two unrelated attempted murder convictions that were charged in separate and distinct infor-mations. The life sentences were not enhanced by virtue of Appellant’s status as a habitual offender. The habitual offender sentences, as to each case, were for other crimes arising out of the same episode as the attempted murder.
I consider Daniels inapposite. This is not a case involving consecutive habitual offender sentences or consecutive habitual offender and mandatory minimum sentences. Neither *1122 does the sentence involve a guidelines departure or double dipping in the scoring.