PER CURIAM.
We affirm appellant’s convictions for first degree murder, robbery with a deadly weapon, and attempted felony murder, but reverse the sentence imposed on the attempted felony murder conviction.
Appellant was sentenced to life imprisonment without eligibility for parole, with a three-year mandatory minimum term, on Count I, first degree murder. As to Count II, robbery with a firearm, appellant was sentenced to serve fourteen years in prison, concurrent with the sentence imposed *1281 on Count I. As to Count III, attempted felony murder, appellant was sentenced to serve fourteen years, consecutive to the sentences imposed on Counts I and II.
Appellant argues that the trial judge erred in denying his motion to correct sentence because the consecutive fourteen-year terms for Counts II and III total twenty-eight years, which exceed the guideline range (8.45 years to 14.08 years) without a supporting valid reason for departure. We agree and remand this cause with directions to resentence appellant as to Count III within the guideline range. See Smith v. State, 648 So.2d 1259 (Fla. 4th DCA 1995)(holding that while it was proper to order the non-capital felony sentences to run consecutive to the capital sentence, citing Boomer v. State, 616 So.2d 991 (Fla.1993), it was improper to impose consecutive life sentences for the non-capital convictions which exceeded the guideline range).
POLEN, C.J., FARMER and TAYLOR, JJ., concur.