PER CURIAM.
Michael Rease appeals a final judgment entered pursuant to jury verdict finding him guilty of kidnapping, two counts of sexual battery, and assault. He was sentenced to life imprisonment for the kidnapping, thirty-year consecutive sentences for each of the sexual battery counts, and sixty days consecutive for assault. We affirm with modification.
In the final judgment, the trial court stated it was retaining jurisdiction over one-third of appellant’s sexual battery sentences. On appeal both parties have recognized that this retention of jurisdiction was error. Payne v. State, 480 So.2d 202 (Fla. 1st DCA 1985). Accordingly, we modify the final judgment to strike the court’s retention of jurisdiction over any portion of the sentences.
The recommended sentence under the sentencing guidelines was “life imprisonment,” based on the two sexual battery charges as the primary offense and the kidnapping and assault charges as additional offenses. Appellant argues that the imposition of two thirty-year sentences for sexual battery, each to run consecutive to themselves and to the life sentence constituted a departure from the sentencing guidelines requiring the court to state clear and convincing reasons as the basis thereof. We disagree.
Since it is impossible for a person to serve more than a lifetime in prison, and since the sentencing guidelines recommended a sentence of life imprisonment, the court did not deviate from that recommended sentence by adding consecutive sentences on the other counts. Accordingly, we affirm appellant’s sentence with the modification noted above.
*1151 We do, however, consider this issue to be one of great public importance and therefore certify to the Supreme Court the following question:
WHETHER, WHEN THE SENTENCING GUIDELINES RECOMMEND A SENTENCE OF LIFE IMPRISONMENT, THE TRIAL COURT MAY SENTENCE A DEFENDANT TO LIFE IMPRISONMENT PLUS SIXTY YEARS IN PRISON ON OTHER COUNTS, TO RUN CONSECUTIVE TO THE LIFE SENTENCE, WITHOUT STATING CLEAR AND CONVINCING REASONS FOR DEPARTING FROM THE GUIDELINES.
BOOTH, C.J., and WILLIS, BEN C. (Ret.), Associate Judge, concur.
ZEHMER, J., dissents with written opinion.