493 So.2d 454 (1986)
Michael REASE, Petitioner,
v.
STATE of Florida, Respondent.
No. 68069.
Supreme Court of Florida.
September 4, 1986.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and Patricia Conners, Asst. Atty. Gen., Tallahassee, for respondent.
OVERTON, Justice.
This is a petition to review Rease v. State, 478 So.2d 1150 (Fla. 1st DCA 1985), in which the district court certified the *455 following question as being of great public importance:
Whether, when the sentencing guidelines recommend a sentence of life imprisonment, the trial court may sentence a defendant to life imprisonment plus sixty years in prison on other counts, to run consecutive to the life sentence, without stating clear and convincing reasons for departing from the guidelines.
Id. at 1151. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We answer the question in the negative and quash the district court decision. We conclude that the trial court did deviate from the recommended sentence by adding consecutive sentences on other counts arising from the same incident, when those convictions were taken into account in computing the recommended sentence. The trial judge failed to set forth proper reasons for his departure. We adopt and approve the analysis and reasoning of the dissent of Judge Zehmer directed to the specific issue in this case, quash the district court decision, and direct the district court to remand this cause for resentencing.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, SHAW, EHRLICH and BARKETT, JJ., concur.