PER CURIAM.
The defendant/appellant was tried and convicted in connection with numerous felony charges. The “guidelines” sentence was “life”. The trial court, however, sentenced the defendant to numerous life terms and other shorter terms, with all sentences to run consecutively.
The defendant challenges the consecutive nature of the sentencing, claiming that the consecutive life sentences amount to a departure from the sentence of “life” provided for in the Sentencing Guidelines. The defendant seeks to have this court reverse the trial court as far as the consecutive nature of the sentences is concerned, and to remand the case with directions to resen-tence the defendant with all sentences running concurrently. The State agrees that, as far as several of the sentences are concerned, there must be a reversal and remand. The State takes this position in the context of asking this court to remand the case to the trial court with directions to either impose sentences within the guidelines or to enter written reasons for any sentences that depart from the sentencing guidelines.
The distinction between a single life sentence (or several life sentences that are to run concurrently) and consecutive life sentences was recognized by the Florida Supreme Court in Rease v. State, 493 So.2d 454 (Fla.1986), wherein the Court adopted and approved the dissenting opinion in Rease v. State, 478 So.2d 1150 (Fla. 1st DCA 1985), which stated as follows:
“It appears that the recommended sentence of ‘life imprisonment’ means exactly what it says. If the court desires to impose consecutive sentences for a term of years, to be served consecutive to the life sentence, it must state clear and convincing reasons for doing so.”
The Rease rule is limited, however, to “consecutive sentences on other counts arising from the same incident, when those convictions were taken into account in computing the recommended sentence.” 493 So.2d at 455 (emphasis added). Where convictions arise from separate incidents occurring at separate times and places, consecutive sentences may be imposed without giving reasons for enhancement. See Murray v. State, 491 So.2d 1120, 1123 (Fla.1986); State v. Thomas, 487 So.2d 1043, 1044, 1045 (Fla.1986). Since the twenty-three counts on which defendant was sentenced include both “same incident” and “separate incident” convictions (without any distinction having been indicated), we conclude that resentencing is necessary.
As far as the convictions arising from separate incidents occurring at separate times and separate places are concerned, consecutive sentences were permissibly imposed without the necessity of a statement of reasons for departure. However, the trial court made no findings specifically *900 identifying those convictions. Concerning this category of convictions, the trial court is in the best position to make the necessary findings identifying the convictions arising from separate incidents occurring at separate times and places. Upon such findings being made, the trial court may reimpose consecutive sentences, in connection with those convictions, without a statement of reasons for departure.
In regard to those convictions for which the trial court imposed consecutive sentences for convictions arising from the same incident, the State concedes that that constitutes a departure from the sentencing guidelines which is not accompanied by any written statement reflecting the reasons for departing from the guidelines. As to this category of convictions, a recalculation of the scoresheet will be needed in order to exclude “separate incident” convictions for which consecutive sentences are imposed. See Rease v. State, 493 So.2d 454, 455 (Fla.1986) (“when those convictions were taken into account in computing the recommended sentence”). Otherwise the “separate incident” convictions are effectively counted twice; once when imposing consecutive “separate incident” sentences and again in computing the guidelines “single incident” sentence. Accordingly, the sentences imposed in connection with the same incident convictions must be reimposed with the provision that they run concurrent to each other, as required by Harrison v. State, 523 So.2d 726 (Fla. 3d DCA 1988). We acknowledge that the rule enunciated in that case conflicts with that followed in the Second and Fifth Districts. See Dyer v. State, 534 So.2d 843 (Fla. 5th DCA 1988) (trial judge who originally thought he or she was entering a guidelines sentence can, on remand, be allowed to depart and provide written reasons); Waldron v. State, 529 So.2d 772, 774 (Fla. 2d DCA 1988). (en banc) (same).
For the foregoing reasons, we find that the sentences imposed in this case must be reversed, with the case being remanded with directions to recalculate the guidelines scoresheet and, thereafter, to then resen-tence the defendant in accordance herewith.
Reversed and remanded with directions.