550 So.2d 144 (1989)
Rodney L. LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-3113.
District Court of Appeal of Florida, First District.
October 13, 1989.
Michael E. Allen, Public Defender, and David P. Gauldin, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
This is an appeal from the final conviction and sentence of the appellant for three counts of sexual battery and one count of kidnapping. We affirm the conviction, and reverse the sentence and remand with directions.
The trial court sentenced the appellant to concurrent life terms on the three sexual battery counts, and to a thirty-year sentence on the kidnapping count, to be served consecutively to the life sentences. When the recommended sentence under the sentencing guidelines is life imprisonment, a trial court must provide written reasons for imposing consecutive sentences on other counts arising from the same incident. Rease v. State, 493 So.2d 454, 455 (Fla. 1986). Because the guidelines scoresheet does not indicate any written reason for imposing the departure sentence, the sentence must be reversed. Under the circumstances, *145 the trial judge may, on remand, impose either a guidelines sentence or, if he states valid reasons, a departure sentence. Roberts v. State, 547 So.2d 129 (Fla. 1989).
NIMMONS and ZEHMER, JJ., concur.