562 So.2d 434 (1990)
Julita De PARIAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-2696.
District Court of Appeal of Florida, Third District.
June 19, 1990.
*435 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and FERGUSON, JJ.
PER CURIAM.
This is an appeal by Julita De Parias from judgments of conviction and sentences for first-degree murder and kidnapping. We affirm as to the first-degree murder conviction because none of the defendant's points on appeal attack this conviction. We reverse for a new trial, however, as to the kidnapping conviction upon a holding that the trial court committed reversible error in refusing to instruct the jury on the necessarily included offense of false imprisonment, State v. Sanborn, 533 So.2d 1169 (Fla. 1988); State v. Wimberly, 498 So.2d 929 (Fla. 1986); State v. Abreau, 363 So.2d 1063 (Fla. 1978). Contrary to the state's position, we conclude that defense counsel adequately apprised the trial court that false imprisonment was a proper lesser offense on which the trial court was required to instruct the jury when counsel requested such an instruction below, and, thus, the point was properly preserved for appellate review. Fla.R.Crim.P. 3.390(d).
We find no merit in the defendant's first point on appeal, see State v. Anderson, 537 So.2d 1373, 1375 (Fla. 1989), and decline to reach the defendant's sentencing point as it relates solely to defendant's kidnapping conviction and may not arise again upon retrial  although we note that the state concedes the point is otherwise well taken.
The final judgment of conviction and sentence for first-degree murder under review is affirmed. The final judgment of conviction and sentence for kidnapping is reversed and the cause is remanded to the trial court for a new trial.
Affirmed in part; reversed in part and remanded.