567 So.2d 1031 (1990)
Larry MERRITT, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1329.
District Court of Appeal of Florida, Fourth District.
October 10, 1990.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was charged in an eleven-count indictment, charging him with five counts of sexual battery, two counts of robbery, kidnapping, burglary, attempted sexual battery, and simple battery. At the close of the state's case, the trial court granted appellant's motion for judgment of acquittal as to three of the sexual battery counts and one of the robbery counts. Appellant requested that a false imprisonment instruction be given to the jury as a lesser included offense of kidnapping. This request was denied. Appellant was ultimately convicted of two counts of sexual battery with threatened use of a deadly weapon or use of physical force likely to cause serious personal injury (one vaginal and *1032 one oral), kidnapping, grand theft of an automobile, assault, petty theft of a purse, trespass of an occupied conveyance, and battery. Appellant was sentenced to two consecutive life sentences on the sexual battery convictions, another consecutive life imprisonment on the kidnapping conviction, plus another consecutive five years for the grand theft of the automobile.

I
This court has the unfortunate task of reversing the defendant's conviction for kidnapping and subjecting the victim to more emotional pain because of a harmful error at trial which could and should have been avoided by diligence on the part of the assistant state attorney, defense counsel and the trial court.
On November 23, 1988, in State v. Sanborn, 533 So.2d 1169 (Fla. 1988), the supreme court disapproved this court's decision in Williamson v. State, 510 So.2d 335 (Fla. 4th DCA 1987), and, sub silencio, Rauso v. State, 425 So.2d 618 (Fla. 4th DCA 1983). As a result of the decision in Sanborn, in November, 1988, when this case came to trial in late February, 1989, false imprisonment was a necessarily included offense of the crime of kidnapping in every appellate district and judicial circuit.
The trial judge has no discretion in whether to instruct the jury on a necessarily lesser included offense. State v. Wimberly, 498 So.2d 929, 932 (Fla. 1986). "The requirement that a trial judge must give a requested instruction on a necessarily lesser included offense is bottomed upon a recognition of the jury's right to exercise its `pardon power.'" Id. (citing State v. Baker, 456 So.2d 419, 422 (Fla. 1984)). Since the trial judge did not instruct the jury on false imprisonment as a necessarily lesser included offense of kidnapping, the kidnapping conviction must be reversed for a new trial. See De Parias v. State, 562 So.2d 434 (Fla. 3d DCA 1990).

II
Appellant contends that the trial court erred in departing from the guidelines based on the scoresheet total. The recommended range, based on the total score, called for life imprisonment. The imposition of consecutive sentences based on counts arising from the same incident, when those convictions were taken into account in computing a recommended sentence, is a deviation from the guidelines. Robinson v. State, 520 So.2d 1 (Fla. 1988); Rease v. State, 493 So.2d 454 (Fla. 1986).
The rules of law that emerge from Pope v. State, 561 So.2d 554, 556 (Fla. 1990), and Betancourt v. State, 552 So.2d 1107 (Fla. 1989), are that if the sole error is the failure to reduce the reasons for a departure sentence to writing, the trial court is limited on remand by the guidelines; but if the record indicates that the trial court did not realize that the sentence was a departure, and as a result fails to reduce its reasons to writing, the trial court may depart from the guidelines on remand and set forth valid, written reasons. The facts of the instant case are indistinguishable from those in Betancourt, where the trial court apparently did not realize that the sentence was a departure, thus the latter rule applies. Accordingly, while we reverse the sentence on remand, we direct the trial court to set forth valid reasons for departure or to sentence within the guidelines.
LETTS, GLICKSTEIN and GARRETT, JJ., concur.