LEVY, Judge.
In April of 1986, Richardo Felipe Junco, the defendant, engaged in a series of criminal activities, within a twenty-four hour time period, which involved home invasions, kidnapping, sexual assault, burglary, and theft.[1] The defendant was found guilty and convicted on two counts of burglary with assault, seven counts of kidnapping, seven counts of robbery with a firearm, two counts of grand theft-second degree, three counts of aggravated battery, ■ and one count of trafficking in stolen property.
The trial court sentenced the defendant to numerous consecutive life terms and the defendant appealed claiming that the counts on which the defendant was sentenced included “same incident” convictions and thus should not be imposed consecutively. Junco v. State, 540 So.2d 898 (Fla. 3d DCA 1989). This court reversed and remanded for resentencing holding that:
Where convictions arise from separate incidents occurring at separate times and places, consecutive sentences may be imposed without giving reasons for enhancement. Since the twenty-three counts on which defendant was sentenced include both 'same incident’ and ‘separate incident’ convictions (without any distinction having been indicated), we conclude that resentencing is necessary.
*571 Junco v. State, 540 So.2d at 899 (citations omitted).
On remand, the trial court separated the crimes into four separate sets, each set based upon a separate incident, and sentenced the defendant to: (1) sixteen life-terms on the armed burglary, armed robbery, and armed kidnapping; (2) two fifteen-year terms for aggravated battery; (3) one fifteen-year term for grand theft-first degree; and (4) two five-year terms for grand theft-second degree. Each of the sentences were to run consecutively, and represented a one cell upward departure from the sentencing guidelines scoresheet. The trial court did not enunciate written reasons for the upward departure.
The defendant raises two points in this appeal. The defendant argues first that the trial court erred in finding that the kidnapping and sexual battery were separate and distinct crimes from the home invasions. The defendant argues that there were only two sets of crimes — the two separate home invasions — and thus the trial court erred in sentencing the defendant for four separate sets of crimes. We disagree. The kidnapping and the sexual battery were not part and parcel of the home invasions. They occurred at different times, and were committed against different victims in different places. Because the kidnapping and the sexual battery were sufficiently separate in time, nature, and place from the home invasions, the consecutive sentences are proper. See Murray v. State, 491 So.2d 1120 (Fla.1986); State v. Thomas, 487 So.2d 1043 (Fla.1986).
Second, the defendant argues, and the State concedes, the trial court erred in the one cell upward departure without written reasons, since the crimes in this case were committed in April of 1986, and the sentencing guideline amendment which permits a discretionary one cell upward departure without written reasons did not become effective until July 1, 1988. Sentencing statutes may not be applied retrospectively. Roberson v. State, 555 So.2d 976 (Fla. 1st DCA 1990). It is the sentencing statute in effect on the date of the crime which controls the legality of the sentence. Castle v. State, 330 So.2d 10 (Fla.1976).
However, because the trial court believed it was imposing a sentence falling within the permissible guidelines range, we hold that a departure sentence is permissible on remand even though there were no written reasons provided for what amounted to a de facto upward departure. See State v. Vanhorn, 561 So.2d 584 (Fla.1990); Roberts v. State, 547 So.2d 129 (Fla.1989). Accordingly, on remand, it is proper for the trial court to reconsider whether departure from the guidelines is appropriate.
Finally, we note that, subsequent to this Court’s previous decision in this case, 540 So.2d 898, the Supreme Court of Florida released its opinion on Lambert v. State, 545 So.2d 838 (Fla.1989), which relates to the use of a single scoresheet for all pending offenses being sentenced. Id. at 841. We therefore certify as a question of great public importance whether, under the circumstances of'the instant case, multiple scoresheets are permitted.
Affirmed in part, and reversed in part with directions to either resentence within the sentencing guidelines or give written reasons for departure.

. The defendant was accompanied by other co-defendants who are not parties to this appeal.