PER CURIAM.
Appellant challenges his judgments of conviction and sentences for burglary of a structure and aggravated battery. We find appellant’s arguments concerning the validity of his convictions to be without merit. However, as the state concedes, the sentence imposed for the aggravated battery charge, which was the second count in the information, was in error. A consecutive sentence imposed on a life sentence is a departure. Rease v. State, 493 So.2d 454 (Fla.1986). The reason given by the trial court for the departure — that appellant’s guidelines score was considerably higher than the point total necessary for the imposition of a life sentence — is an invalid ground, for it misconstrues the guidelines. Under category 5 of the sentencing guidelines, which was the category used in the instant case, any score above 455 mandates a life sentence, no matter how large the difference between the defendant’s actual point total and the life score.
Accordingly, the judgments of conviction are AFFIRMED, but the sentence for Count II is REVERSED and the cause is REMANDED for resentencing.
SMITH and WIGGINTON, JJ., and WENTWORTH, Senior Judge, concur.