577 So.2d 653 (1991)
Daniel Dean HENDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1114.
District Court of Appeal of Florida, First District.
March 28, 1991.
Barbara M. Linthicum, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Suzanne G. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Daniel Dean Henderson has appealed from a sentence imposed outside of the sentencing guidelines after his conviction of armed burglary, aggravated battery with a deadly weapon, battery, aggravated battery, armed burglary of a conveyance, and two counts of assault. We reverse and remand for resentencing, at which time the trial court shall have the opportunity to consider whether departure would be appropriate and, if so, to enter valid reasons in writing.
Henderson was found guilty by a jury of the offenses listed above, all arising from his June 1989 attack on a 72-year old woman *654 and her daughter. His guidelines score was 535 points, corresponding to a recommended sentence of life imprisonment. In the course of the sentencing proceeding, defense counsel argued for the imposition of a sentence below that recommended by the guidelines. In rejecting that argument, the court made the following remarks:
Mr. Henderson, you've got to be sentenced to life in prison, because you have an uncanny ability to find woman [sic] who are vulnerable, and it's been your practice and what you have done is take advantage of them... . The only proper sentence in this case is for you to be removed from society as long as you live. And that's what the sentence of this Court is going to be.
The court proceeded to impose, in pertinent part, three life terms (for armed burglary, kidnapping and armed burglary of a conveyance) and two 15-year terms (two counts of aggravated battery), all to run consecutively to each other. In Rease v. State, 493 So.2d 454 (Fla. 1986), the court held that when the guidelines recommend life, a sentence of life plus 60 years amounts to a departure requiring clear and convincing reasons. Accord, Lewis v. State, 550 So.2d 144 (Fla. 1st DCA 1989) (when the recommended sentence is life, the court must provide written reasons for imposing consecutive sentences on other counts arising from the same incident).
Here, the court effectively imposed life plus 30 years. The state concedes that, because no written reasons for the departure were provided, Rease requires that the sentence be vacated and the case remanded for resentencing. However, appellant further maintains that, on remand, sentencing must be within the guidelines, citing Pope v. State, 561 So.2d 554 (Fla. 1990) (when an appellate court reverses a departure sentence for lack of written reasons, it must remand for resentencing with no possibility of departure from the guidelines). The state responds that the record supports a finding that the trial court did not realize that its sentence constituted a departure, and cites State v. Betancourt, 552 So.2d 1107 (Fla. 1989), for the proposition that the court should have the option on remand of imposing a departure sentence, supported in writing by valid criteria.
In Roberts v. State, 534 So.2d 1225 (Fla. 1st DCA 1988), approved 547 So.2d 129 (Fla. 1989), the trial court was unaware that it had imposed a departure sentence, because it had been provided with an incorrect scoresheet. The court held that a judge who finds a higher guidelines range sufficient when using an improperly calculated scoresheet might not necessarily find sufficient a lower guidelines range resulting from a correct scoresheet when a defendant is back before him for resentencing. The court therefore held that the judge could reconsider whether a departure would be appropriate when the corrected scoresheet was before him on remand. Roberts at 130.
In State v. Betancourt, 552 So.2d 1107 (Fla. 1989), the guidelines recommendation was 3 1/2 to 4 1/2 years, and the trial court imposed a split sentence of 4 years incarceration, followed by 2 years community control. The Supreme Court found "no indication in the record that the trial court considered this sentence to be a departure from the sentencing guidelines," and cited Roberts for the proposition that "it is proper for a judge to reconsider whether a departure from the guidelines is appropriate on remand when the trial judge has not yet had an opportunity to consider reasons for departure." Betancourt at 1108. Finding that, as in Roberts, the Betancourt trial judge "did not know that she was imposing a departure sentence, which required written reasons for departure," the court disapproved the district court's instruction that Betancourt be sentenced within the guidelines. Betancourt at 1109.
Finally, in Merritt v. State, 567 So.2d 1031 (Fla. 4th DCA 1990), the trial court imposed, in addition to the life sentence recommended by the guidelines, consecutive sentences based on counts arising from the same incident. The court reversed the sentence based on Rease, and in determining the trial court's permissible action on remand, analyzed Betancourt in light of Pope, the case relied on by appellant herein. *655 The Merritt court thus arrived at the rule that, if the sole error is the failure to reduce the reasons for a departure sentence to writing, the trial court is limited on remand to the guidelines. But, if the record indicates that the trial court did not realize that the sentence was a departure, and as a result fails to reduce its reasons to writing, the trial court may depart from the guidelines on remand by setting forth valid, written reasons. Merritt at 1032.
This line of cases is silent as to the factual circumstances from which it can be determined that a trial court "did not realize that a departure sentence was being imposed." However, a review of the record herein indicates that, in response to a defense request for a sentence below the life term recommended by the guidelines, the trial court indicated an intention to follow the guidelines, i.e., to impose a life sentence. There is no indication that the trial court intended to impose a departure sentence. Therefore, we reverse the sentence imposed herein, and under the authority of Betancourt and Merritt, remand for resentencing, at which time the trial court shall have the opportunity to consider whether sentencing outside the guidelines would be appropriate and, if so, to provide valid reasons therefor.
Reversed and remanded with directions.
ERVIN and MINER, JJ., concur.