COWART, Judge.
We affirm the defendant’s convictions but reverse his sentences because the trial court imposed a departure sentence without giving written reasons for departure when the guidelines recommended only a life sentence and the sentence imposed several terms of imprisonment consecutive to a life sentence. See Rease v. State, 493 So.2d 454 (Fla.1986); Lewis v. State, 550 So.2d 144 (Fla. 1st DCA 1989).
Upon resentencing the trial court may consider the imposition of a departure sentence for the reasons cited in State v. Betancourt, 552 So.2d 1107 (Fla.1989); Henderson v. State, 577 So.2d 653 (Fla. 1st DCA 1991); Merritt v. State, 567 So.2d 1031 (Fla. 4th DCA 1990).
CONVICTIONS AFFIRMED; SENTENCES VACATED; CAUSE REMANDED FOR RESENTENCING.[1]
W. SHARP and GOSHORN, JJ., concur.

. A mandatory minimum sentence can be imposed on Count IV (aggravated battery of O'Dell Curry) and one other mandatory minimum sentence can be imposed consecutive to that mandatory minimum sentence either on Count II (attempted robbery with a firearm of O’Dell Curry) or Count III (robbery with a firearm of Shirel Jones). Only a total of two mandatory minimum sentences under the facts and charges in this case can be imposed and the second of those sentences can be consecutive to the first. See Palmer v. State, 438 So.2d 1 (Fla.1983); State v. Thomas, 487 So.2d 1043 (Fla.1986).