KAHN, Judge. -
James Paul Musgrove appeals the habitual offender sentences that were imposed on resentencing on the basis that they are invalid departure sentences. We agree, vacate the sentences, and remand for resen-tencing.
Appellant was charged in three separate cases with uttering a forged instrument, aggravated assault with a firearm, possession of a firearm by a convicted felon, and burglary. The offenses occurred between June 1988 and September 1988. On September 18, 1989, the trial court accepted a no contest plea entered into by appellant *726 which covered all three cases. On October 24, 1989, the trial court found appellant to be an habitual felony offender and sentenced him to a total of twenty years imprisonment and imposed certain statutory fines. Appellant appealed the sentence. On March 28, 1991, this court reversed and remanded the sentences for resentencing “under the law in effect at the time of sentencing.” Musgrove v. State, 576 So.2d 942 (Fla. 1st DCA 1991).
Since Musgrove’s offenses were committed before October 1, 1988, the 1987 version of section 775.084, Florida Statutes, applies. At resentencing the trial court treated appellant as an habitual offender after making the requisite findings under section 775.084, Florida Statutes (1987). The trial court then reimposed the previous sentences totalling twenty years of incarceration along with certain statutory fines.
The sentences imposed at resen-tencing exceeded the sentencing guidelines. An habitual offender sentence under the 1987 version of section 775.084, Florida Statutes, is not exempt from the sentencing guidelines, and habitual offender classification may not constitute a reason for a departure sentence. Whitehead v. State, 498 So.2d 863 (Fla.1986). In the instant case the trial court failed to provide written reasons for departure.
The state argues that under White v. State, 531 So.2d 711 (Fla.1988), a plea agreement can be a valid reason for departure* In White, the record clearly showed that the appellant understood that the guidelines would not apply. However, White does not apply to the instant case. Paragraphs 12, 13 and 15 of the plea agreement, when read together, seem to indicate that the sentence would be limited to nine years, absent valid reasons for departure, and if the court habitualized appellant, the sentence would be limited to twenty years.[1]
Since the trial court exceeded the sentencing guidelines without providing written reasons for departure, we reverse the sentences and remand for resentencing.
On remand, the trial court must impose a sentence within the guidelines. When a trial court unknowingly imposes a departure sentence, the judge should be given the opportunity on remand to provide written reasons for departure from the guidelines if such reasons exist. Henderson v. State, 577 So.2d 653 (Fla. 1st DCA 1991), rev. denied, 589 So.2d 291 (Fla.1991). However, the sentencing transcript and the plea agreement indicate that the trial court must have known that he was imposing a departure sentence. Therefore, Henderson does not apply, and resentenc-ing is limited by Pope v. State, 561 So.2d 554 (Fla.1990).
Additionally, the written sentences must be corrected to conform with the oral pronouncement. The written sentences indicate that concurrent terms of ten years incarceration are imposed for uttering a forged instrument and burglary of a structure while the trial court orally imposed concurrent terms of five years incarceration for these offenses. The written sentences also do not reflect the statutory fee and costs of $229.00 imposed under each charge.
*727 REVERSED and REMANDED for re-sentencing within the guidelines and correction of the written sentences to conform with the oral pronouncement at sentencing.
ERVIN and WIGGINTON, JJ., concur.

. 12. The following reflects my understanding of the terms of this negotiated plea. The sentencing guidelines scoresheet at this point establishes a score of 157, which calls for a recommended sentence of not less than 7 years nor more than 9 years imprisonment. The maximum sentence allowed by law is 30 years. The minimum sentence is probation. The sentence may include probation or community control in addition to incarceration, but total incarceration, probation and community control shall not exceed 30 years.
13. I understand that I may receive a prison sentence up to and including the maximum 9 years, but if the judge imposes a prison sentence of more than that recommended by sentencing guidelines, the judge is required to write a detailed explanation of such sentence with clear and convincing reasons. A departure from the guidelines shall be grounds for an appeal from such sentence.
[[Image here]]
15. I further understand the following special terms are to apply to my sentence:
[[Image here]]
Sentence: Court’s discretion limited by guidelines ....
[[Image here]]
2. If habitualized — no more than 20 yrs. DOC.