632 So.2d 690 (1994)
Ismael GARCIA, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03958.
District Court of Appeal of Florida, Second District.
February 25, 1994.
Manuel A. Machin and Daniel L. Castillo, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant, Ismael Garcia, appeals his convictions for three counts of robbery with a firearm and his resulting sentences to three consecutive life terms. We find no merit in appellant's arguments concerning his convictions. We do agree, however, that he has been improperly sentenced.
Appellant argues that imposition of three consecutive life sentences for a single criminal episode is a departure from the sentencing guidelines' recommendation of life. Because the court failed to provide written reasons to depart, appellant argues that the sentence must be reversed and remanded for resentencing within the guidelines.
We agree with appellant that the consecutive life sentences are a departure from the guidelines. Rease v. State, 493 So.2d 454 (Fla. 1986); Lewis v. State, 550 So.2d 144 (Fla. 1st DCA 1989). On resentencing, because the trial court apparently was not aware that it was imposing a departure sentence, the court shall have the opportunity to again depart from the guidelines if it determines to do so and states valid reasons. Henderson v. State, 577 So.2d 653 (Fla. 1st DCA), rev. denied, 589 So.2d 291 (Fla. 1991).
The court may alternatively consider whether to sentence appellant as a habitual felony offender. At the sentencing hearing, the trial court heard evidence on sentencing appellant as a habitual felony offender or a habitual violent felony offender. The court, however, decided not to sentence appellant as a habitual violent felony offender because appellant's scoresheet already called for life, *691 and there was thus no apparent need to habitualize appellant to protect society. If the court had realized it was imposing a departure sentence, it may have decided differently. On resentencing, the court may impose a guidelines sentence, it may depart from the guidelines if it provides written reasons, or it may decide upon proper findings to habitualize appellant.
Appellant's convictions are, therefore, affirmed. His sentences are reversed, and this case is remanded for resentencing in accord with this opinion.
DANAHY, A.C.J., and HALL, J., concur.