633 So.2d 530 (1994)
John Curtis IVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-01189.
District Court of Appeal of Florida, Second District.
March 11, 1994.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
The appellant challenges the sentences imposed upon him following the revocation of his probation. He argues that the trial court erred in failing to provide written reasons to support its departure from the sentencing guidelines. We reverse and remand to permit the trial court to reconsider the appellant's sentence.
On February 21, 1991, the court sentenced the appellant in case number 91-14767 to *531 fifteen years in prison for attempted robbery with a firearm, and to fifteen years for aggravated battery. The sentences were to run consecutively to each other and to a life sentence imposed in case number 91-15313. In case number 91-14831, the court sentenced the appellant to five years in prison for burglary of a conveyance and to five years for grand theft. The sentences were to run concurrently with each other, but consecutively to the sentence in case number 91-14767. In case number 91-15313, the trial court sentenced the appellant to life in prison for armed burglary of a dwelling, to five years for grand theft and to five years for grand theft of a firearm. These sentences were to run concurrently with each other, but consecutive to the sentence in case number 91-14831. The sentences in the four cases totalled sixty years[1] plus life in prison. The appellant's guidelines scoresheet recommended life imprisonment, with a permitted range of twenty-seven years to life.
When the guidelines recommend a life sentence and the trial court imposes life plus a consecutive term of years, such sentence is a departure requiring written reasons. See Rease v. State, 493 So.2d 454 (Fla. 1986); Wood v. State, 593 So.2d 557 (Fla. 5th DCA 1992); Dow v. State, 610 So.2d 23 (Fla. 2d DCA 1992), dismissed, 621 So.2d 432 (Fla. 1993). The trial court failed to provide written reasons to support its decision to depart from the guidelines; therefore, we reverse the appellant's sentence.
The transcript of the sentencing hearing does not show that the trial court intended to depart from the guidelines. Further, the record does not contain a scoresheet from which we could conclude that a departure was intended. Thus, since it is unclear whether the trial court knew it was departing from the guidelines, on remand, the court may either enter written reasons to support the departure or it may resentence the appellant within the guidelines. See State v. Betancourt, 552 So.2d 1107 (Fla. 1989); Merritt v. State, 567 So.2d 1031 (Fla. 4th DCA 1990).
Reversed and remanded.
HALL, A.C.J., and PARKER, J., concur.
NOTES
[1] The court orally sentenced the appellant to life plus sixty-five years; however, the written sentences total life plus sixty years. The state contends that the trial court intended the sentences in case number 91-15313 to be consecutive to each other rather than concurrent, as the written sentence reflects.