NESBITT, J.
Francisco R. Sosa appeals his convictions and sentences for sexual battery, armed robbery, and kidnapping with a weapon. We affirm the convictions but remand for resen-tencing.
Sosa was one of three individuals who participated in the kidnapping and rape of a teenage girl. The three men drove up one afternoon to a small gathering of teens socializing at a rockpit near Homestead. The men got out of the truck, approached the group, and introduced themselves. Several minutes later, the teens attempted to leave, but the men demanded the keys to their vehicle, and threatened them with machetes. All but one of the teenagers managed to exit their vehicle and run away. One girl on the passenger side was restrained by the defendant Sosa, who, together with the other two defendants, dragged her from the van, put her in their truck and drove for about twenty minutes to a nearby avocado grove. Upon reaching the grove, the men pulled the girl from the truck and repeatedly raped her. While Sosa raped her, another defendant removed her jewelry. At one point, one of the defendants, not Sosa, brandished a machete and threatened to kill her. She managed to escape as they drove back to the rockpit with her. Sosa and the other two defendants were apprehended soon after-wards.
Sosa was convicted of six counts of life felony sexual battery, one count of armed robbery, and one count of kidnapping with a weapon. He was sentenced to a term of natural life for the sexual batteries and armed robbery, and to thirty years for the kidnapping count. The life sentences on the six sexual battery counts were made concurrent to each other, but the life sentence for the robbery and the thirty years for kidnapping were made consecutive to the first life sentence and to each other.
Sosa contends that the trial court erred in adjudicating him guilty of kidnapping with a weapon, and enhancing the charge from a first degree felony punishable by life in prison to a life felony pursuant to section 775.087(l)(a), Florida Statutes (1991). We agree, and the State concedes, as the record shows that the jury did not expressly find a weapon used during the kidnapping. Because kidnapping in violation of section 787.01 is a first degree felony punishable by a term of years up to life in prison, the thirty year sentence imposed on Sosa is permissible. However, we remand this sentence for reclassification accordingly.
Sosa also contends that because all eight of his convictions arose from the same incident and were taken into account in computing his guideline sentence, making the sentences for kidnapping and robbery consecutive to the life sentences constitutes a departure from the guidelines and requires clear and convincing written reasons for doing so. Sosa argues that because the trial court failed to provide written reasons for its sentencing departure, resentencing is required. As to the kidnapping sentence, we do not agree. The victim was abducted from the rockpit fifteen to twenty minutes before the first sexual battery in the avocado grove, some distance away. Where convictions arise from separate incidents occurring at separate times and places, consecutive sentences may be imposed without giving reasons for enhancement. Murray v. State, 491 So.2d 1120 (Fla.1986); Junco v. State, 540 So.2d 898 (Fla. 3d DCA 1989). Because the kidnapping was separate both in time and place from the sexual batteries and armed robbery, we conclude that resentencing on this issue is unnecessary. However, it is clear that the robbery took place at the same time and place as the sexual batteries, and thus it was error to impose a consecutive sentence unaccompanied by a written statement reflecting the reasons for departing from the guidelines. Murray, 491 So.2d at 1123; Junco, 540 So.2d at 900.
Accordingly, we affirm the convictions, but remand for reclassification of the kidnapping charge pursuant to section 787.01, Florida Statutes (1993), and for appropriate resen-tencing of the robbery charge. On the robbery charge, it is necessary for the court to either resentence the robbery as concurrent with the life sentences for sexual battery, or to provide written reasons for departing from *937 the guidelines if imposing a consecutive sentence.