RYDER, Acting Chief Judge.
Clarence Lee raises four issues in this appeal. Three concern the lower court’s rulings at trial. We find no error in these rulings, and affirm without discussion. Lee’s final point challenges his sentence on the basis of errors in the scoresheet. While we hold this error was harmless, we reverse Lee’s sentence because the trial court imposed a departure sentence without giving written reasons.
Lee was convicted of four counts of robbery with a firearm and one count of aggravated assault. The scoresheet used at sentencing showed a total of 1031 points. He contends that 175 of these points were improperly scored. Wé note that any score over 454 points gives a recommended range of life and a permitted range of 27 years’ imprisonment to life. Even if Lee were correct and 175 points were improperly scored, subtracting these challenged points from the total would leave him in the same ranges. As such, the error, if any, was harmless.
The record, however, reveals that the robberies all occurred in one criminal episode. Lee entered the front office of a business and robbed all the employees present. As noted above, the guidelines recommended life imprisonment. The trial court imposed a life sentence for each of the four robbery convictions, to run consecutively. It also imposed a three-year minimum mandatory term for possession of a firearm on each robbery sentence, but ordered these terms to run concurrently. For the aggravated assault conviction, the court sentenced Lee to five years’ imprisonment, to run concurrently with the sentences in the other counts.
Imposition of consecutive life sentences for a single criminal episode is a departure from the guidelines. Garcia v. State, 632 So.2d 690 (Fla. 2d DCA 1994). Because the trial court failed to provide written reasons for its departure, Lee must be resen-tenced. Apparently the court was unaware that it was imposing a departure sentence. It may therefore, on resentencing, again depart from the guidelines if it provides valid written reasons for doing so. See Garcia. The trial court should also correct any score-sheet errors at this time.
Affirmed in part, reversed in part and remanded for resentencing.
THREADGILL and ALTENBERND, JJ., concur.