666 So.2d 202 (1995)
Daniel L. CRAWFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 94-03440.
District Court of Appeal of Florida, Second District.
December 22, 1995.
*203 James Marion Moorman, Public Defender, and Kevin Briggs, Asst. Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Helene S. Parnes, Asst. Atty. Gen., Tampa, for Appellee.
BLUE, Judge.
Daniel L. Crawford appeals his numerous convictions and sentences. We reject Crawford's argument that his convictions for aggravated battery and sexual battery with great force or a deadly weapon violate the proscription against double jeopardy and affirm his convictions. The evidence clearly shows that Crawford committed a distinct act of aggravated battery, separate from the sexual battery. See Robinson v. State, 575 So.2d 699 (Fla. 1st DCA 1991); Williams v. State, 565 So.2d 838 (Fla. 1st DCA 1990). We reverse Crawford's sentence, however, because the trial court imposed a departure sentence without giving written reasons.
Crawford was convicted of three counts of sexual battery with a deadly weapon or great force, one count of armed burglary and one count of aggravated battery with a deadly weapon. The record reveals that the offenses occurred in one criminal episode. The sentencing guidelines scoresheet recommended life imprisonment. The trial court imposed concurrent life sentences for each of the sexual battery offenses. It also imposed a consecutive life sentence for the armed burglary and a consecutive fifteen-year sentence for the aggravated battery.
The imposition of consecutive sentences on counts arising from the same incident, when those convictions were taken into account in computing a recommended sentence, is a departure from the guidelines. Rease v. State, 493 So.2d 454 (Fla. 1986); Lee v. State, 648 So.2d 829 (Fla. 2d DCA 1995); Garcia v. State, 632 So.2d 690 (Fla. 2d DCA 1994). Because the trial court failed to provide written reasons for the departure, Crawford must be resentenced. There is no indication in the record that the trial court intended to impose a departure sentence. Therefore, on resentencing, the trial court may again depart from the guidelines if it provides valid written reasons for doing so. See State v. Betancourt, 552 So.2d 1107 (Fla. 1989); Henderson v. State, 577 So.2d 653 (Fla. 1st DCA), rev. denied, 589 So.2d 291 (Fla. 1991).
Affirmed in part, reversed in part and remanded for resentencing.
ALTENBERND, A.C.J., and LAZZARA, J., concur.