CAMPBELL, Judge.
Appellant, convicted of first degree felony murder and robbery with a firearm, challenges his convictions and his sentence. We find no reversible error in appellant’s convictions, but remand to correct certain sentencing errors.
Appellant was sentenced to life for the murder conviction, followed by a consecutive seventeen-year term for the robbery conviction. Under Ivey v. State, 633 So.2d 530, 531 (Fla. 2d DCA 1994), ‘when the guidelines recommend a life sentence and the trial court imposes life plus a consecutive term of years, such sentence is a departure requiring written reasons.” The court here offered no written reasons for the departure. However, since it is permissible to depart based on an unscored capital crime under Torres-Arboledo v. State, 524 So.2d 403, 414 (Fla.), cert. denied, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988), we remand to allow the court to enter written reasons for departure. See Ivey.
Parenthetically, we note that appellant’s challenge to his sentencing as an adult must fail. The case relied on by appellant, Troutman v. State, 630 So.2d 528 (Fla.1993), was overruled by statute in 1994 to eliminate Troutman’s strict requirements for resentencing juveniles as adults. Amended section 39.059(7)(d), Florida Statutes (Supp. 1994), effective October 1, 1994, provides: “Any decision to impose adult sanctions must be in writing, but is presumed appropriate, and the court is not required to set forth specific findings or enumerate criteria in this subsection as any basis for its decision to impose adult sanctions.” Ch. 94-209, § 51, at 834-835, Laws of Fla.
Here, as in Lutz v. State, 664 So.2d 1060 (Fla. 3d DCA 1995), although appellant committed his offenses before the amendment, he was sentenced on December 1, 1994, after the October 1, 1994 effective date of the amendment, thus making the amendment applicable to appellant. As such, the court’s cursory conclusion here that “juvenile sanctions no longer apply” is sufficient. Appellant was properly sentenced as an adult.
Remanded for entry of written departure reasons.
DANAHY, A.C.J., and SCHOONOVER, J., concur.