POLEN, Judge.
Roderick Gemares Cleveland appeals from a final judgment adjudicating him guilty of *984 manslaughter with a firearm, attempted manslaughter with a firearm and shooting into a building. He also appeals the resulting sentence. We affirm the convictions but reverse the resulting sentence.
Cleveland was sentenced to thirty years on the manslaughter count, fifteen years consecutive on the attempted manslaughter count, and another fifteen consecutive years for shooting into a building. This sentence was a departure for several reasons. First, the increase to thirty years constituted a departure because the recommended guideline sentence for Cleveland’s manslaughter count was 85.5 to 141.75 months. In addition, the consecutive sentences for attempted manslaughter and shooting into a building also constitute a departure. Section 775.021(4), Florida Statutes (1993), does provide that a separate sentence should be imposed for each offense, and that the sentencing judge may impose these sentences concurrently or consecutively. However, the trial court's discretion to impose a concurrent or consecutive sentence is qualified by Florida Rule of Criminal Procedure 3.701(d)(12), which provides in pertinent part:
A sentence must be imposed for each offense. However, the total sentence cannot exceed the total guideline sentence unless a written reason is given.
See also Rease v. State, 493 So.2d 454 (Fla. 1986) (trial court could not deviate from recommended sentence by adding consecutive sentences on other counts arising from the same incident, when those convictions were taken into account in computing the recommended sentence, without setting forth proper reasons for its departure; therefore re-sentencing was necessary); Kelly v. State, 616 So.2d 100 (Fla. 1st DCA 1993) (because guidelines called for either nonstate prison sentence, community control, or 12-22 months in state prison for offense, imposition of two consecutive 22 month terms in state prison was a departure sentence). We hold that the trial court erred by departing from the sentencing guidelines in both manners described above, as its reason for departure was invalid.
The trial court’s sole basis for departure was that Cleveland’s actions created a flagrant disregard for the safety of others. Although it may have been factually accurate, this was an invalid reason for departing from the sentencing guidelines because the “flagrant disregard for the safety of others” is already an inherent component of the crime of shooting into a budding and was thus already taken into consideration in computing the sentence under the guidelines. See Baker v. State, 466 So.2d 1144 (Fla. 3rd DCA 1985), approved 483 So.2d 423 (Fla.1986) (inherent component of a crime being already built into sentencing guideline range will not justify a departure sentence). Section 790.19, Florida Statutes (1993), which makes it unlawfiil to shoot a firearm at, within or into a building, specifically provides as follows:
Whoever wantonly or maliciously, shoots at, within, or into, or throws any missile or hurls or projects a stone or other hard substance which would produce death or great bodily harm, at within, or in any public or private building occupied or unoccupied ... shall be guilty of a felony of the second degree....
The use of the words “wantonly or maliciously” in the statute encompasses into the statute any actions by Cleveland that constituted the flagrant disregard for the safety of others. See Whitaker v. State, 552 So.2d 306 (Fla. 5th DCA 1989) (in a case in which the defendant was charged with discharging a firearm in public, departure sentence imposed based on reason of defendant’s total disregard for the safety of others and unreasonable risk toward other person present at time of offense, was improper in that the risk of harm to third persons and disregard for the safety of others had already been factored into the guidelines score sheet by virtue of defendant’s conviction for discharging a firearm in public). We also reject the state’s argument that because the statute makes the offense the same whether the building is “occupied or unoccupied,” not every case would encompass a flagrant disregard for safety. Often a perpetrator would not know whether a building shot at is occupied or not. Accordingly, we reverse and remand for the trial court to impose a sentence within the guidelines. Wyche v. State, *985 576 So.2d 884 (Fla. 1st DCA 1991) (when all departure reasons given have been reversed on appeal, trial court on remand is not authorized to articulate new reasons for departure).
REVERSED AND REMANDED.
GLICKSTEIN and SHAHOOD, JJ., concur.