PER CURIAM.
As the state properly concedes, the written order of probation revocation and the sentence entered in the case do not comport with the oral pronouncement of sentence made at the time of the probation revocation hearing. Therefore, the case must be remanded to the trial court for the correction of the written orders on revocation and sentencing.
Further, the imposition of a sentence of years to run consecutively to a life sentence is a departure sentence pursuant to Robinson v. State, 520 So.2d 1 (Fla.1988); Cleveland v. State, 673 So.2d 983 (Fla. 4th DCA 1996) which requires written reasons. Since the trial court did not realize that it was imposing a departure sentence, the cause is remanded to allow the court “to consider on remand whether a departure sentence is appropriate and, if so, to set forth valid reasons for departure”. State v. Betancourt, 552 So.2d 1107,1108 (Fla.1989).
The third issue raised by defendant Reyes is without merit.
Remanded with directions.