CASANUEVA, Judge.
The appellant, Gary Perrot, presents two evidentiary issues and one sentencing issue in this appeal. First, he challenges as inadmissible hearsay Linda Sheppard’s testimony regarding what the victim told her immediately after the sexual battery; second, Mr. Perrot contends the trial court erred in admitting similar fact evidence; and third, he asserts that imposing a consecutive life sentence on Count V was improper. Upon examination of the trial record, we find no merit in Mr. Perrot’s contentions regarding his convictions and affirm. We find his third contention has merit.
The jury found Mr. Perrot committed four sexual batteries as charged in the information. The trial court imposed concurrent life sentences for three of the four sexual battery convictions but a consecutive life sentence on the fourth. The sexual batteries charged in the information and proven at trial occurred in a single criminal episode. The guidelines sentencing range was 38.5 years to a discretionary life sentence.
Under these circumstances, the consecutive life sentence constitutes an upward departure sentence, and in the absence of written reasons to support the departure, it is improper. On resentencing, should the trial court impose a departure sentence, valid reasons must be set forth. See Garcia v. State, 632 So.2d 690 (Fla. 2d DCA 1994).
We affirm Mr. Perrot’s convictions and sentences except for the sentence on Count V, which we reverse. We remand for resen-tencing.
ALTENBERND, A.C.J., and FULMER, J., concur.