745 So.2d 403 (1999)
Kevin Jahashol JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2721.
District Court of Appeal of Florida, Third District.
October 27, 1999.
*404 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
Before NESBITT, GODERICH, and SORONDO, JJ.
NESBITT, J.
Kevin Jahashol Jones appeals a conviction and sentence for burglary based on his plea of nolo contendere. We affirm.
On March 10, 1996, Jones was arrested and charged with armed robbery and armed burglary. The allegations were that Jones entered a Subway Restaurant, ordered food, paid for the food, and then, armed with a gun, jumped over the counter and took money from the store's register. On April 10, 1996, an information was filed charging Jones with one count of burglary with an assault while armed and one count of armed robbery. Jones pleaded nolo contendere to these charges on May 9, 1996. Withholding adjudication of guilt, the court placed Jones on probation as a youthful offender for seventy-two months. As a condition of probation, Jones was required to successfully complete a boot camp program.
On March 6, 1998, Jones' probation was revoked for violations and he was placed on community control for a period of one year to be followed by a thirty-eight month term of probation. Again, boot camp was listed as a special condition of community control. On May 20, 1998 an affidavit of violation of community control was filed alleging numerous infractions. The court found that Jones violated probation by committing burglary of a dwelling, battery, assault, criminal mischief, and by failing to successfully complete the boot camp program. The court then entered adjudications of guilt for the original burglary and armed robbery, and imposed concurrent terms of imprisonment of 146 months State prison, with a three-year mandatory minimum for having a firearm.
Jones contends that the conviction for burglary must be vacated since the Subway Restaurant was open to the public at the time he entered the premises. In so arguing, Jones relies on Miller v. State, 733 So.2d 955, 957 (Fla.1998), in which the Florida Supreme Court held that the defendant has a complete defense to a charge of burglary if he can establish that the premises were open to the public at the time of the offense. Jones' reliance on Miller[1] is misplaced. Whether the premises were open to the public goes to the issue of consent. See Id. Consent is an affirmative defense to burglary. See State v. Hicks, 421 So.2d 510 (Fla.1982). Thus, the burden was on Jones to establish this defense. See Miller, 733 So.2d at 957.
In Miller, the defendant was tried and found guilty of five counts, including burglary. Id. at 955. Here, unlike the defendant in Miller, Jones pled nolo contendere, thereby waiving all available defenses. See Vinson v. State, 345 So.2d 711 (Fla.1977). The information alleged that Jones entered the Subway Restaurant without consent. Since Jones pled nolo contendere, it is now irrelevant whether or not the Subway Restaurant was in fact open to the public at the time he entered. Accordingly, the sentence and conviction are affirmed.
NOTES
[1] Our holding here should not be read to imply that Miller applies retroactively. We save that decision for another day. Rather, since Miller is the basis of Appellant's sole argument for reversal, we merely hold that even if Miller were to apply retroactively, it does not apply to the facts of this case.