CAMPBELL, Acting Chief Judge.
Appellant challenges his judgments and sentences for robbery with a firearm, attempted robbery with a firearm, armed kidnaping, and armed burglary of a structure. We find merit only in the issue raised regarding appellant’s sentences. We affirm his convictions, reverse his sentences and remand for resentencing.
The facts reveal that victim Linda Langford was working alone at a Subway sandwich shop at approximately 6:00 p.m. when appellant entered the shop, jumped over the front counter, and ordered her at gunpoint to open the cash register. Appellant took money from the register and then forced Ms. Langford to an office in the back of the store where he demanded the combination to the safe. When she told him that only the manager had the combination, he forced her at gunpoint to disrobe so she would not escape. While in the back office, appellant noticed a video monitor that recorded the entrance to the shop. It was in this way that he was able to view the three other victims as they came into the shop. Appellant forced the other victims, as he had Ms. Langford, into the office in the back of the shop at gunpoint, took money or attempted to take money from each of them, and then instructed each of them to undress. Appellant subsequently fled the shop, and the women were discovered.
After a review of the record, we conclude that appellant’s convictions for robbery with a firearm, attempted robbery with a firearm and armed kidnaping were proper, and we affirm them ■without discussion.
Appellant also raises as an issue on this appeal, that was not raised below, that he was improperly convicted of armed burglary of a structure because the Subway sandwich shop was open to the public. Burglary is defined as the entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain. See § 810.02(1), Fla. Stat. (1997).
We find no error here. Our supreme court in State v. Hicks, 421 So.2d 510 (Fla.1982) has construed the section 810.02(1) phrase “unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain” as constituting an affirmative defense and not as an essential element of burglary. 421 So.2d at 511. See also Miller v. State, 733 So.2d 955 (Fla.1999); Jones v. State, 745 So.2d 403 (Fla. 3d DCA 1999). At trial, appellant did not challenge the burglary charge on the basis that the premises was open to the public. Moreover, the employee victim of the offense testified as follows:
Q: What happens when you go into the back?
A: Well, we went to the back and we have a safe back there and he saw the safe. And he asked me for the combination. And I told him I didn’t have the combination to the safe. He pointed the gun to my head and he told me — he demanded me to give him the combination. And I told him I didn’t have it. I *89 said only the manager has the combination.
Q: Okay. What happened after you told him that?
A: He told me to go into the office and I went to the office. And when we were there in there—
Q: Can you describe the office to us?
A: It’s like a small room with a desk and like a TV where you can see outside to the front.
Q: Is this area open to the public?
A: No, it ain’t.
Q: Is anything behind the register open to the public?
A: No. Nothing from the back — the only thing open to the public is out in the lobby, in the bathroom. That’s the only one that’s open to the public.
See Johnson v. State, 737 So.2d 555 (Fla. 1st DCA 1999).
In his remaining issue, appellant contends that the trial court erred in stacking his minimum mandatory sentences and in sentencing him to two consecutive life sentences. We agree. In State v. Christian, 692 So.2d 889 (Fla.1997), our supreme court held that stacking firearm minimum mandatory terms is permissible where the defendant shoots at multiple victims, and impermissible if the weapon is not fired. In the instant case, while there were multiple victims, appellant never fired his weapon. The consecutive life sentences imposed are a departure from the guidelines for which no departure reasons were given. See Perrot v. State, 712 So.2d 797 (Fla. 2d DCA 1998); Garcia v. State, 632 So.2d 690 (Fla. 2d DCA 1994). Because it does not appear, however, that the trial court was aware that it was imposing a departure sentence, the trial court shall be given the opportunity to impose a departure sentence on resentenc-ing if valid reasons are set forth. See Garcia.
Appellant’s convictions are affirmed, his sentences are reversed, and this cause is remanded for resentencing in accord with this opinion.
PARKER and WHATLEY, JJ., Concur.