On Rehearing Denied

PER CURIAM.
On consideration of the motion for rehearing, the court withdraws its previous opinion and substitutes the following opinion.
Jeffrey J. Jones petitions for a writ of habeas corpus, arguing that his sentence is illegal and that he is entitled to immediate release. We deny the petition.
The trial court imposed a guidelines departure sentence on petitioner-defendant Jones, consisting of consecutive sentences for second degree murder and armed robbery.[1] He alleges that he has completed the murder sentence and is now incarcerated on the consecutive armed robbery sentence. The defendant argues that, as a matter of law, his sentences had to be imposed concurrently, not consecutively, and that he is therefore entitled to immediate release. The defendant is incorrect.
The defendant asserts that on count one he received a forty-year sentence. He alleges that this was itself an upward departure from the guidelines. The trial court imposed a fifteen-year consecutive sentence on the armed robbery count. The defendant argues that the trial court could not impose an upward departure sentence on count one, and in addition, impose a consecutive sentence on count two. The defendant is incorrect.
Subsection 9511.16(1), Florida Statutes (Supp.1988), provides in part, “A defendant convicted of two or more offenses charged in the same indictment, information, or affidavit or in consolidated indictments, informations, or affidavits shall serve the sentences of imprisonment concurrently unless the court directs that two or more of the sentences be served consecutively.” (Emphasis added).
Where imposing an upward departure sentence, the trial court may sentence each count to the legal maximum, and may impose the sentences consecutively, even if the sentences arise out of the same criminal episode. See Cleveland v. State, 673 So.2d 983 (Fla. 4th DCA 1996); Crawford v. State, 666 So.2d 202 (Fla. 2d DCA 1995). The sentences imposed upon the defendant are legal, and do not create any double jeopardy violation.
Different rules apply where a trial court wishes to impose consecutive habitual offender sentences, see Hale v. State, 630 So.2d 521 (Fla.1993), or consecutive mandatory minimum sentences. See Palmer v. State, 438 So.2d 1 (Fla.1983). The cases relied on by the defendant involve habitual offender or mandatory minimum sentencing, not the issue which is now before us.
The petition for writ of habeas corpus is denied.[2]

. The crime date was August 19, 1988.

. In light of this opinion the motion for rehearing and certification is denied.